HOWARD DESSEAU *vs.* AUGUSTUS L. HOLMES & another.

Suffolk. January 11, 1905. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Contract,* Validity. *Sale,* Conditional.

A contract made in advance by a purchaser under a contract of conditional sale to waive his right to a demand in writing and an itemized account and his rights in regard to redemption and sale given by R. L. c. 198, § 13, is void as against public policy.

TORT for the alleged conversion of a couch. Writ in the Municipal Court of the City of Boston dated November 7, 1903

On appeal to the Superior Court the case was heard on an agreed statement of facts by *Mason,* C. J., without a jury. It appeared that on August 16, 1903, the plaintiff bought of the defendants the couch in question under a contract of conditional sale dated August 10, 1903, and agreed to pay for it the sum of $31.50; that on the delivery of the couch to the plaintiff he executed and delivered to the defendants the following agreement:

"Received of Holmes, Luce & Co., a true copy of the above lease No. 73653, the conditions of said lease having been fully understood by me before signing, and the said Holmes, Luce & Co., not agreeing to accept the above lease No. 73653, and deliver the articles named therein, except upon the execution of the following agreement by me: Wherefore, in consideration of the delivery to me of the goods named in said lease, I do hereby for myself, my heirs and assigns, agree with the said Holmes, Luce & Co., that upon the breach by me of any of the conditions of said lease, to permit said Holmes, Luce & Co., their agents or representatives, to take possession of the property mentioned in said lease, and without furnishing me with an itemized statement of the amount due upon said lease, and I agree to waive and do hereby, for myself, my heirs and my assigns, waive all rights of every kind which I, or they have or may have, to be given or to receive notice of any kind, or any itemized statement, particularly waiving all rights which I, or

they may have under section 13, chapter 198, of the Revised Laws of Massachusetts.

" Witness my hand and seal this tenth day of August, A. D., 1903.    Howard L. Desseau."

It further appeared, that the plaintiff failed to make the payments required by the terms of the contract, and that the defendants took and carried away the couch without furnishing the plaintiff with an itemized statement of the amount due under the contract and without any notice to the plaintiff; and that $25 was a fair valuation of the couch at the time the defendants took possession of it.

The plaintiff requested the judge to rule that upon the evidence the plaintiff was entitled to a finding and to judgment. The judge refused to rule as requested, and found for the defendants.    The plaintiff alleged exceptions.

*W. R. Buckminster*, for the plaintiff.

*J. E. Crowley*, for the defendants.

KNOWLTON, C. J.    The defendants sold to the plaintiff a couch, by a conditional sale in the form of an instrument in writing called a lease, which provided for payments of $1 per week until the sum of $31.50, with interest, should be paid in all, at which time the property was to pass to the plaintiff. This writing purported to authorize the defendants to take possession of the property at any time, for a failure to make the prescribed payments, and afterwards to hold it absolutely. Similar contracts have been made for many years, and in the year 1881 the Legislature passed an act (St. 1881, c. 222) giving purchasers in the future, under such contracts, a right of redemption after default in payment, notwithstanding the provision in the writing that their rights should be lost by their neglect.    Additional enactments have since been made, from time to time, for the extension and preservation of this right, all of which appear in substance in the R. L. c. 198, §§ 11, 12, 13.    See Sts. 1884, c. 313 ; 1892, c. 411 ; 1898, c. 545.

As a part of the transaction of purchase, the plaintiff executed a separate instrument in which he undertook to waive all his rights under the R. L. c. 198, § 13, and to authorize the defendants, upon his failure to make payments as agreed, to take immediate possession of the property without giving him

an itemized statement of the amount due upon the lease, and to hold it free from any right of redemption. The only question in the case is whether this instrument is binding upon the plaintiff.

It is elementary law that an agreement to waive the right in equity to redeem a mortgage, made by a mortgagor at the time of executing the mortgage, is void as against public policy. Story Eq. Jur. § 1019. *Bayley* v. *Bailey*, 5 Gray, 505, 510. *Waters* v. *Randall*, 6 Met. 479, 484. The reason for the rule is that improvident persons, in straits to obtain money, would be likely to make contracts, the literal enforcement of which would work great hardship upon them, to the detriment of the public as well as themselves. Referring to the civil law, Judge Story says of an agreement that there shall be no right of redemption under a mortgage, " Such a stipulation was held void, as being inhuman and unjust." § 1009. The reasons for this rule in reference to common mortgages are still stronger in the application of it to conditional sales of personal property, which are made so commonly by shopkeepers in supplying householders of small means with furniture and other similar articles. The statutes referred to evidently were enacted for the protection of such persons. It is very plain that the Legislature intended to say that the usual provisions for immediate forfeiture in such contracts should be ineffectual and void in contracts made after the enactment of the statute. It cannot be that the same provisions embodied in a separate writing, made at the same time as the conditional sale, can have a different effect.

In *Corey* v. *Griffin*, 181 Mass. 229, it was held, in accordance with the intimation in *Wall* v. *Metropolitan Stock Exchange*, 168 Mass. 282, 284, that a contract not to sue under the St. 1890, c. 437, made in advance by one about to open an account for the purchase and sale of stocks, bonds and other securities, is void as against public policy. As the statute now in question rests upon grounds of public policy, it is not in the power of one who may be directly affected by it to contract in advance that it may be disregarded.

*Exceptions sustained.*