ALICE R. DRAKE *vs.* METROPOLITAN MANUFACTURING COMPANY.
SAMUEL J. DRAKE *vs.* SAME.

Middlesex. December 9, 10, 1913. — May 25, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Agency,* Ratification by principal, Scope of employment. *Assault and Battery.*
*Sale,* Conditional.

Where, at the trial of an action against a corporation for an assault and battery
alleged to have been committed by an agent of the defendant who on its behalf
had delivered certain goods to the plaintiff upon a contract of conditional sale
and who had committed the assault and battery in an effort to repossess the
goods, the defendant contends and introduces evidence tending to show that
the agent was not authorized to retake the goods on its behalf but that they
had been charged to the agent under his contract with it and that he was at-
tempting to get them on his own account, if there is evidence that when the
agent retook the goods he delivered them to the defendant and that the de-
fendant kept them, the jury may disbelieve the evidence offered by the defend-
ant and are warranted in finding that the defendant ratified the acts of the
agent.

Where, under a contract of conditional sale in which the vendee has agreed that the
vendor "may cancel this contract any time prior to the acceptance of payment
by an authorized collector of" the vendor, it appears that, upon payment of
a small sum by the vendee to an agent of the vendor who had solicited the
contract and who was called a "canvasser," the goods were delivered to the
vendee but that the vendee had made no payment to an authorized collector
of the vendor, the vendor has a right to retake the goods upon tendering to the
vendee the small sum which he had paid, and is not required to give the notice
required by R. L. c. 198, § 13, before possession of goods sold under a contract
of conditional sale can be retaken by the vendee from the vendor, the provi-
sion of the contract above quoted not being an attempt to waive the statutory
provision and being valid.

Where, at the trial of an action for an assault and battery committed upon
the vendee of household goods, sold under a contract of conditional sale, by
an alleged agent of the vendor in an effort to retake the goods, it appears
that the goods were delivered to the vendee by the agent to whom the
vendee paid a small sum, for which the agent receipted as a "canvasser," and
that the vendee made no other payments under the contract, that the con-
tract provided that the vendor might cancel it at any time "prior to the
acceptance of payment by an authorized collector," made plain the distinc-
tion between a "canvasser" and a "collector," and cautioned the vendee
to "pay no money to canvassers except first payment on delivery of goods,"
and there is no ·evidence that the agent who committed the assault was
a "collector," the defendant is entitled to a ruling that under the terms of

the contract the defendant had a right to cancel it at any time before the acceptance of a payment by an authorized collector, and that there was no evidence upon which it could be found that the agent who received the payment made by the plaintiff was an authorized collector.

Two ACTIONS OF TORT, the first for assault and battery alleged to have been committed upon the plaintiff by one William E. Durand, an agent of the defendant, and the second by the husband of the plaintiff in the first action for consequential damages. Writs dated respectively April 13, 1911, and September 21, 1912.

In the Superior Court the cases were tried together before *Hitchcock*, J. The material facts which the evidence tended to show are stated in the opinion. At the close of the evidence the defendant asked the judge to rule as follows:

"1. On the evidence the verdict should be for the defendant."

"9. Under the terms of the contract, signed by the plaintiff, the defendant had the right to cancel the contract any time prior to the acceptance of a payment by an authorized collector. There is no evidence upon which it may be found that Durand was an authorized collector, his duty being merely to sell goods.

"10. Under the contract or lease, the defendant had the right to retake the goods upon tendering the amount of the deposit which Mrs. Drake had paid, and was not required to give the notice provided for by R. L. c. 198, § 13, relative to notice, statement and demand."

The judge refused to make these rulings and submitted the cases to the jury. The jury found for the plaintiff in the first action in the sum of $1,000, and for the plaintiff in the second action in the sum of $50; and the defendant alleged exceptions.

*A. E. Yont*, for the defendant.

*R. J. Lane*, for the plaintiffs.

LORING J. The facts of this case were in substance as follows: One Durand, who was employed by the defendant as a canvasser, on July 6, 1910, delivered to the plaintiff in the first action (whom we shall hereafter speak of as the plaintiff) a set of lace curtains, valued at $10.50, under a written lease, which contained the following provision: "I agree that said Metropolitan Mfg. Co. may cancel this contract any time prior to the acceptance

of payment by an authorized collector of said company, or before the delivery of the goods." This agreement was signed by the plaintiff. At the time that the curtains were delivered by Durand to the plaintiff he received from her eighty cents, and the following statement is printed and written on the lease then given her: "Date 7/6 Cts .80 Paid to Durand Canvasser Verified by Collector." Just below this occur the following words: "Pay no money unless duplicate agreement of this lease is presented by our collector. Caution: Pay no money to canvassers except first payment on delivery of goods." By the terms of the lease the plaintiff was to pay the defendant twenty-five cents a week.

There was evidence that on the third day of the following November Durand forcibly entered the plaintiff's house and retook the curtains. These actions were brought for the assault and battery then committed upon the plaintiff, the second action having been brought by the plaintiff's husband.

It is stated in the bill of exceptions that "the defendant does not contend that the jury were not justified in finding that an assault was committed by Durand, or that such assault was justified." The defendant's contention was that the plaintiff had failed to prove that Durand, in committing the assault, was acting in the course of his employment by the defendant, and for that reason that a verdict should have been directed for the defendant. And it further contended that the ninth and tenth rulings asked for by it should have been given.

The defendant introduced evidence that under the written contract by which Durand was employed, "Agents are held responsible for leased goods until the leases are verified and one payment has been made by the customer to the regular authorized collector and accepted by us. If the collector is unable to verify or recover the goods, they will be charged to the agent at 60% and deducted from any commissions, salary or security due him. If we cannot verify and accept a lease, the agent will be notified; if we cannot repossess the goods, the agent will pay for them." There was no evidence that any payment had been made by the plaintiff beyond the eighty cents paid Durand when the curtains were delivered. There was evidence introduced by the defendant that it had made two unsuccessful attempts to repossess itself of the curtains in question, one on July

21, and the other on August 31, and that on September 3, in accordance with its contract with Durand, it had charged the goods to him. Its contention was that, the goods having been charged back to Durand, he took them on his own account and not in the course of his employment when he committed the assault on the plaintiff in the following November. If the jury believed these facts, this result would have followed. But the jury were not bound to believe these facts. *Lindenbaum* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 314. There was evidence that the curtains were originally delivered to the plaintiff by the defendant. There was evidence that when they were retaken by Durand they were delivered by him to the defendant, and so far as appears on the evidence, that the defendant kept them. These facts warranted a finding that the defendant, if the jury did not believe the testimony put in by it, had taken the benefit of Durand's action in retaking the curtains, and therefore had ratified, if it did not originally authorize, him to take them as its agent. It follows that the first ruling asked for could not have been given.

But we are of opinion that the ninth and tenth rulings asked for should have been given. Undoubtedly an agreement by which the plaintiff undertook to waive the rights given her by R. L. c. 198, § 13, would have been void. *Desseau* v. *Holmes,* 187 Mass. 486. But the agreement contained in the lease set forth above was not an agreement by which the plaintiff waived her right under R. L. c. 198, § 13. It was an agreement by which the defendant had a right to cancel the contract before "the acceptance of payment by an authorized collector." Such an agreement, being an agreement giving a right to cancel the contract, is not a waiver by the plaintiff of her rights in case the defendant undertakes to retake the goods under the contract if not cancelled. For that reason the tenth request should have been given.

In the written lease Durand is described as a "canvasser" and the distinction between a canvasser and a collector is made plain in that agreement. The lessee is cautioned to "Pay no money to canvassers except first payment on delivery of goods." The only payment made by the plaintiff was the first payment on delivery of the goods, which was made to Durand, described in the written lease and agreement as a "canvasser," and there

was no evidence in the case that he was a collector. For these reasons the ninth ruling asked for should have been given also. The entry must be

*Exceptions sustained.*