# CHARLESTON.

JACK UNDERWOOD *v.* RALEIGH TRANSPORTATION, EQUIPMENT & CONSTRUCTION COMPANY.

(No. 5552)

Submitted May 11, 1926.    Decided October 5, 1926.

1. SALES—*Uniform Conditional Sales Act Constitutional.*

   The Uniform Conditional Sales Act, Chapter 99-A, Code, is a valid legislative declaration of a reasonable public policy, and is not unconstitutional as impairing the right of contract. (p. 307.)

   (Constitutional Law, 12 C. J. § 460; Sales, 35 Cyc. p. 652 [Anno].)

2. SALES—*Buyer of Automobile Under Conditional Sales Contract is Entitled to Recover Actual Damages from Seller, Retaking Car and Selling it Without Complying With Statute; in Absence of Other Proof of Value, and That Car Resold by Seller Had Been Improved After Repossession by Seller, Resale Price May be Treated as its Value When Retaken from Buyer Under Conditional Sales Contract (Code, c. 99A).*

   The buyer of an automobile under a conditional sales contract is entitled to recover his actual damages from the seller who has repossessed and sold the car without compliance with the requirements of the Uniform Conditional Sales Act, Chapter 99-A, Code; and in the absence of other proof of value and of evidence that the car had been improved after repossession by the seller, the resale price may be treated as the value of the car when retaken.    (p. 306.)

   (Sales, 35 Cyc. p. 712 [Anno].)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, Raleigh County.

Action by Jack Underwood against the Raleigh Transportation, Equipment & Construction Company to recover damages under the Uniform Conditional Sales Act. From a judgment of dismissal in the justice court, plaintiff appealed to Circuit Court.    Judgment for plaintiff in an insufficient amount, and he brings error.

*Reversed and entered.*

*Kyle D. Harper* for plaintiff in error.
*McGinnis & McGinnis* for defendant in error.

LITZ, PRESIDENT:

By written contract dated June 12, 1924, plaintiff purchased from the defendant a second-hand Cleveland automobile at the price of $600.00 on the following terms: $225.00 cash and balance in ten monthly installments, secured by a retention of title to the property in the vendor. The contract provided, inter alia, that upon default in the payment of any installment the defendant might, without legal process, retake and hold the property as its own, treating the payments already made as liquidated damages for the use of the chattel while in the possession of plaintiff. The plaintiff having defaulted, after paying $305.00 of the purchase price, and expending $49.90 for repairs, on November 16, 1924, the defendant repossessed the car, and on February 4, 1925, without notice to the plaintiff, sold it to another for $668.00.

This action was instituted before a justice of the peace for the recovery of damages under the Uniform Conditional Sales Act, Chapter 99-a, Code. Upon an appeal from the judgment of the justice dismissing the case the circuit court directed a verdict in favor of the plaintiff for $4.47. The case is governed by Section 25 of the Act, providing: "If the seller fails to comply with the provisions of Sections 18, 19, 20, 21 and 23, after retaking the goods, the buyer may recover from the seller his actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract, with interest." Sections 18, 19, 20, 21 and 23, protect the buyer's equity in the car by requiring, among other things, resale of the property by the seller after notice to the buyer, and application of the proceeds: (1) to the payment of the expenses of resale, (2) to the payment of the expenses of retaking, keeping and storing the goods, (3) to the satisfaction of the balance due under the contract, (4) and any sum remaining after the satisfaction of such claims to be paid to the buyer.

The trial court evidently concluded that the plaintiff was entitled to recover only one-fourth of what he had paid on the purchase price of the car, the minimum penalty under

the statute, upon the theory that no actual damage had been proved; the amount of the verdict being arrived at by deducting from one-fourth of the payments an independent account of $72.89 which the plaintiff owed the defendant.

The evidence failing to show that the car had been improved after being repossessed by the defendant, the resale price may be treated as its value when retaken, in the absence of other proof. "The only absolute test we can have of the value of a merchantable article is what it has been sold for at a fair sale. All other means of ascertaining the value of a merchantable commodity are speculative and must, to a greater or less extent, be uncertain. A sale is a demonstration of the fact, while estimates, even by the best judges, are simply matters of opinion, which, at best, are only approaches to the fact." *Budd* v. *Van Orden,* 33 N. J. Eq. 143.

There is no merit in the contention of the defendant that the Uniform Conditional Sales Act is unconstitutional as impairing the right of contract. Its validity has been upheld in numerous cases as a legislative declaration of a reasonable public policy. *Desseau* v. *Holmes,* 187 Mass. 486, 73 N. E. 656, 105 A. S. R. 417; *Drake* v. *Metropolitan Mfg. Co.,* 218 Mass. 112, 105 N. E. 634; *Crowe* v. *Liquid Carbonic Company,* 208 N. Y. 396, 102 N. E. 573; *Massillon Eng. etc. Co.* v. *Wilkes,* (Tenn.) 82 S. W. 316; *Stapley Company* v. *Rogers,* 25 Arizona 308, 216 Pac. 1072.

Although a jury was impaneled and rendered a verdict under the instruction of the court, the case was submitted on an agreed statement of facts, providing that "if the court is of the opinion that the plaintiff is entitled to recover, he should have judgment for the full sum to be ascertained by the court; and if the defendant is entitled to recover from the plaintiff, it should have judgment for the full sum to be ascertained by the court". This was virtually a submission to the court in lieu of the jury on the stipulated facts. The parties being bound by the stipulation, under which, as already observed, the defendant should have accounted to the plaintiff for the price obtained by it on resale of the automobile, the judgment of the circuit court will be re-

versed and judgment entered here for the plaintiff on the basis indicated, after allowing the defendant credit for the amount of the open account.

*Reversed and entered.*