Joseph F. ALESSI

v.

BOWEN COURT CONDOMINIUM
et al.

No. 2010–436–Appeal.

Supreme Court of Rhode Island.

June 4, 2012.

Christopher A. Anderson, Esq., North Scituate, for Plaintiff.

Frank A. Lombardi, Esq., for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

### OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on April 4, 2012, on appeal from a grant of summary judgment in favor of the defendants, Bowen Court Condominium (condominium) and Janet O'Rourke, in her capacity as president of the condominium association (association), (collectively, de-

fendants). On appeal, the plaintiff, Joseph F. Alessi (Alessi or plaintiff), argues that the trial justice erred in determining that the right to exclude withdrawable real estate from a condominium after a foreclosure expires when the declarant's right to withdraw the real estate otherwise would have expired. We affirm the judgment of the Superior Court.

### Facts and Travel

Over twenty years after Rhode Island's infamous credit union crisis, this case causes us to examine property interests that were foreclosed upon by a fundamentally unstable credit union and then transferred to the Rhode Island Depositors Economic Protection Corporation (DEPCO) after the credit union collapsed. We begin by tracing the protracted history of the property interest at stake in this controversy. Bowen Court Associates (declarant) created the condominium by declaration dated January 10, 1989, and recorded the following day. The declarant conveyed to the condominium approximately 6.7 acres of land in East Providence and, in Article 7 [1] of the declaration of condominium (declaration), retained a ten-year reservation to withdraw a portion of land from the condominium pursuant to G.L.1956 §§ 34–36.1–2.05 and 34–36.1–2.10. [2] The reserved real estate—

---

1. Article 7, captioned "Option to Withdraw Real Estate," states in pertinent part that: "Declarant hereby explicitly reserves an option, until the tenth anniversary of the recording of this Declaration, to withdraw the Withdrawable Real Estate from the Condominium in compliance with Section 34–36.1–2.10 of the Act, without the consent of any Unit Owner, or the holder of a mortgage on any Unit."

2. General Laws 1956 § 34–36.1–2.05 sets forth the required contents of a condominium declaration. Subsection (a)(8) requires the declaration to include "[a] description of any development rights and other special declarant rights * * * reserved by the declarant,

together with a legally sufficient description of the real estate to which each of those rights applies, and a time limit within which each of those rights must be exercised[.]"

Section 34–36.1–2.10 provides in pertinent part:

"(a) To exercise any development right reserved under § 34–36.1–2.05(a)(8), the declarant shall prepare, execute, and record an amendment to the declaration (§ 34–36.1–2.17) and comply with § 34–36.1–2.09.

"(b) * * * This provision does not extend the time limit on the exercise of development rights imposed by the declaration pursuant to § 34–36.1–2.05(a)(8).

an undeveloped parcel located at 735 Willett Avenue and Scott Drive, East Providence, Rhode Island—is the subject of this appeal. On November 30, 1990, the thirteenth and final amendment to the declaration was filed; it redefined the legal description of the withdrawable land. This amendment soon was followed on December 5, 1990, by a mortgage deed from the declarant to the Rhode Island Central Credit Union (RICCU), secured by the declarant's interest in the withdrawable land.[3] RICCU foreclosed on the property on June 15, 1992, and took title by foreclosure deed in satisfaction of the lien. Shortly thereafter, on July 29, 1992, RICCU transferred its interest in the property to DEPCO.[4] On January 31, 1994, plaintiff purchased DEPCO's interest in the parcel for approximately $52,000.

Significantly, neither RICCU, DEPCO, nor plaintiff sought to withdraw the parcel from the condominium or otherwise exercise any special declarant rights or devel-

opment rights after plaintiff acquired it.[5] On January 11, 1999, those development rights, specifically the right to withdraw the parcel from the condominium, expired in accordance with the declaration of condominium. On December 12, 2001, and again on December 20, 2002, plaintiff requested that the association exclude the subject parcel from the condominium pursuant to § 34–36.1–2.18(i).[6] The association refused to comply, asserting that plaintiffs right to withdraw the parcel had expired and that, therefore, ownership of the parcel had passed to the unit owners' association.

On January 14, 2003, plaintiff filed a three-count complaint[7] against defendants seeking a declaratory judgment to quiet title to the subject property and restitution in the amount of $53,335, plus interest, based on a claim of unjust enrichment. The defendants counterclaimed, seeking to quiet title in favor of the association. On February 3, 2004, a hearing was held in the Superior Court on the parties' cross-

---

"(c) * * *

"(4) Development rights and other special declarant rights reserved by the declarant that expire unexercised shall become the property of the unit owners' association * * *."

3. The promissory note allowed declarant to receive up to $2.1 million in financing for a real estate project known as the Bowen Court Condominiums. At the closing, RICCU advanced $525,000 to Bowen Court Associates.

4. In *Rhode Island Depositors Economic Protection Corp. v. Bowen Court Associates*, 763 A.2d 1005, 1006 (R.I.2001), this Court succinctly recounted the difficult history of the Rhode Island credit union crisis and the circumstances under which DEPCO purchased *substantially all of RICCU's assets.*

5. Section 34–36.1–1.03(11)(D) defines "development rights" as "any right or combination of rights reserved by a declarant in the declaration to: * * * [w]ithdraw real estate from a condominium." "Special declarant rights"

are defined in § 34–36.1–1.03(26)(ii) as "rights reserved for the benefit of a declarant to * * * exercise any development right."

6. Section 34–36.1–2.18(i) states:

"Except as provided in subsection (j), foreclosure or enforcement of a lien or encumbrance against the entire condominium does not of itself terminate the condominium, and foreclosure or enforcement of a lien or encumbrance against a portion of the condominium, other than withdrawable real estate, does not withdraw that portion from the condominium. Foreclosure or enforcement of a lien or encumbrance against withdrawable real estate does not of itself withdraw that real estate from the condominium, but the person taking title thereto has the right to require from the association, upon request, an amendment excluding the real estate from the condominium."

7. Count 1 of the complaint sought declaratory relief, count 2 alleged unjust enrichment, and count 3 was a claim of slander of title.

motions for summary judgment on the competing claims to quiet title to the subject parcel.

In his memorandum and at the hearing, plaintiff contended that defendants erroneously refused to exclude withdrawable land from the condominium pursuant to § 34–36.1–2.18(i). The plaintiff asserted that in accordance with the language in § 34–36.1–2.18(i), after a foreclosure "the person taking title thereto has the right to require from the association, upon request, an amendment excluding the real estate from the condominium," *id.*, and therefore, plaintiff retained a right to exclude withdrawable land from the condominium, despite the fact that the ten-year period for doing so had expired. The plaintiff argued that his reservation to withdraw the property derived from the mortgagee's statutory right to require exclusion upon foreclosure, not from the declarant's ten-year reservation period. He alleged that the rights of the mortgagee upon foreclosure are different from the declarant's rights. According to plaintiff, when RICCU foreclosed on the property, the declarant's interests terminated, but the subsequent mortgagee acquired greater rights than the declarant, including the right to demand exclusion of the property from the condominium at any time. The plaintiff highlighted the fact that, unlike the declaration from which the declarant received his rights, § 34–36.1–2.18(i) is silent regarding any time limitation on the mortgagee's right to demand that the property be excluded.

Conversely, the association argued that after foreclosure, the mortgagee acquired no greater rights than the declarant's rights as set forth in the declaration. According to defendants, if the court accepted plaintiff's argument, plaintiff would have an infinite window of time during which to exclude the land from the condominium simply by requesting that the association exclude the property. That result, defendants argued, would defeat the intent of the Legislature to impose time limits on the exercise of development rights in a condominium.

At the conclusion of the hearing, the trial justice rendered a bench decision denying plaintiff's motion for summary judgment and granting defendants' cross-motion for summary judgment.[8] In doing so, the trial justice framed the issue by observing that "[b]oth parties agree * * * that the declarant's right to withdraw the parcel from the condominium project terminated at the time of the foreclosure * * * [but] what the effect of the foreclosure was on the rights of the parties * * * seems to be in somewhat of a dispute." The trial justice noted that § 34–36.1–2.18(i) only applies to "withdrawable real estate" and that the parcel in question was withdrawable for only a specific period of time, namely ten years after the initial declaration was filed. Citing this Court's decision in *Greensleeves, Inc. v. Lee's Wharf Marina Association*, 711 A.2d 1140, 1141–42 (R.I.1998), the trial justice noted that for a third party to succeed to special declarant rights, that party must record an

---

8. The trial justice declined to grant summary judgment on the second count of plaintiff's complaint, the count for unjust enrichment, stating that the issue was not adequately briefed. A bench trial was held in regard to that count, and final judgment was entered on June 10, 2010. The defendants were ordered to reimburse plaintiff for property taxes paid on the parcel after January 11, 1999, with interest, but were not required to reimburse plaintiff for the purchase price of the parcel. Count 3 of the complaint concerning slander of title was dismissed by agreement of the parties after the court had previously indicated that the issue appeared to have been rendered moot by the trial justice's ruling on count 1. The appeal presently before the Court pertains only to count 1.

instrument evidencing the transfer of such rights. Because neither plaintiff nor his predecessor in title, the foreclosing mortgagee, had requested to succeed to the special declarant rights, as required by § 34–36.1–3.04(c),[9] the subject parcel ceased to be withdrawable real estate and any right to withdraw the parcel terminated at the time of the foreclosure sale.

Additionally, the trial justice noted that "the condominium association perhaps has a right to expect that no parties [succeeding] to the interest of a declarant would have greater rights than the declarant had." Consequently, plaintiff could "only take whatever title his grantor ha[d];" and, due to the mortgagee's failure to request to succeed to the special declarant rights, the grantor's right to withdraw real estate no longer existed. The trial justice thus found that RICCU's failure to exercise its right to require the association to exclude the real estate after the foreclosure resulted in title to the parcel vesting in the association. The plaintiff timely appealed.

## Standard of Review

"This Court reviews *de novo* a trial justice's decision granting summary judgment." *Lynch v. Spirit Rent–A–Car, Inc.*, 965 A.2d 417, 424 (R.I.2009). "We view the evidence in the light most favorable to the nonmoving party, and 'if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law[,]' we will affirm the judgment." *Moore v. Rhode Island Board of Gover-*

*nors for Higher Education*, 18 A.3d 541, 544 (R.I.2011) (quoting *Berman v. Sitrin*, 991 A.2d 1038, 1043 (R.I.2010)).

This Court likewise reviews questions of statutory interpretation *de novo*. *Waterman v. Caprio*, 983 A.2d 841, 844 (R.I.2009). "In matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Webster v. Perrotta*, 774 A.2d 68, 75 (R.I.2001) (citing *Matter of Falstaff Brewing Corp. Re: Narragansett Brewery Fire*, 637 A.2d 1047, 1050 (R.I. 1994)). "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Waterman*, 983 A.2d at 844 (quoting *Iselin v. Retirement Board of the Employees' Retirement System of Rhode Island*, 943 A.2d 1045, 1049 (R.I.2008)).

## Analysis

On appeal, plaintiff contends that the mortgage deed from the declarant to RICCU granted not only a lien interest in the parcel, "but also a statutory right to require exclusion from the [condominium] after foreclosure." The plaintiff argues that defendants' interpretation of the statute erroneously imposes a ten-year limitation on the right created by § 34–36.1–2.18(i) that the Legislature never intended. The plaintiff asserts that the trial justice erred in refusing to accept that " § 34–

---

9. Section 34–36.1–3.04(c) states in pertinent part:

"Unless otherwise provided in a mortgage instrument or deed of trust, in case of foreclosure of a mortgage, * * * of any units owned by a declarant or real estate in a condominium subject to development rights, a person acquiring title to all the real estate being foreclosed or sold, *but only upon his or her request,* succeeds to all

special declarant rights related to that real estate held by that declarant, or only to any rights reserved in the declaration pursuant to § 34–36.1–2.15 and held by that declarant to maintain models, sales and signs. The judgment or instrument conveying title shall provide for transfer of only the special declarant rights requested." (Emphasis added.)

36.1–2.18(i) is a separate statutory right belonging to title holding [m]ortgagees," apart from declarant's special and development rights, which, plaintiff contends, allows him the "right to require the [association] to exclude the parcel *at any time.*" We note at the outset that plaintiff is not a "title holding mortgagee" because he purchased the property from DEPCO, a statutorily-created entity that acquired the parcel from the mortgagee.

Resolution of the issues before the Court turns on a question of first impression: whether § 34–36.1–2.18(i) of the Condominium Act requires a successor in title after a foreclosure to exercise the right to withdraw real estate from the condominium before the expiration of the declarant's right to withdraw or, conversely, whether the Legislature created a perpetual right for the mortgagee or its successors to require the condominium association to exclude the real estate from the condominium. We deem significant that § 34–36.1–2.18(i) pertains to "withdrawable real estate." Although the subject parcel was at one time capable of being withdrawn from the condominium, when plaintiff sought to exercise that right in 2001, that no longer was the case.

We pause to observe that the trial justice found that plaintiff's interest ceased to be withdrawable once the foreclosing mortgagee, RICCU, failed to request to succeed to the rights of the declarant pursuant to § 34–36.1–3.04(c). We are not persuaded that the failure of RICCU and its receiver to request to succeed to declarant's development rights definitively deprived DEPCO of those rights; nor are we required to answer that question. The Legislature created DEPCO in the crucible of this state's credit union crisis in order to carry out the "essential public purposes of protecting the depositors of the financial institutions, providing stability for financial institutions, promoting the welfare of the people of the state, and improving the economic welfare of the people of the state." General Laws 1956 § 42–116–2(d). Given the unique circumstances that gave birth to DEPCO, as well as its mission to "[m]aximize the return from the sale or other disposition of the assets of the corporation," § 42–116–2(e)(1), we are not convinced that DEPCO and its transferee, plaintiff, would be barred from succeeding to the declarant's development rights, regardless of whether or not the mortgagee exercised its right to exclude the real estate from the condominium. *See Rhode Island Depositors Economic Protection Corp. v. Mapleroot Development Corp.,* 710 A.2d 167, 170 (R.I. 1998) (declaring that the Legislature's broad grant of power to DEPCO "militates in favor of permitting it to acquire whatever privileges may have formerly belonged to the acquired entity"); *see also id.* at 169 (noting that § 42–116–5 vested DEPCO with "all powers to do *all things necessary and convenient* to carry out and effectuate the purposes and provisions of this chapter"). Consequently, we reject that portion of the trial justice's decision.

Notwithstanding whether DEPCO retained the right to require the association to exclude the subject parcel from the condominium, it is undisputed that neither RICCU upon foreclosure of the property interest, nor DEPCO when it acceded to RICCU's rights, nor plaintiff when he purchased the property interest from DEPCO, exercised the right to exclude the real estate. Because plaintiff did not seek to require the subject parcel to be excluded from the condominium until after the expiration of the ten-year limitation period, it is our opinion that under the terms of the declaration, the parcel no longer was with-

drawable.[10] We need not determine whether plaintiff's right to withdraw the parcel terminated as a result of the mortgagee's failure to act after foreclosure, as required by § 34–36.1–3.04(c), or as a result of plaintiff's failure to timely exercise the right to exclude the property; the salient fact is that the right to exclude the real estate expired no later than January 11, 1999, when the time limit within which to withdraw the real estate expired under the terms of the declaration of condominium. Thus, in accordance with § 34–36.1–2.10(c)(4), title to unexercised declarant rights passed to the unit owners' association as a matter of law.

█ When a declarant fails to timely exercise his or her development or special declarant rights, those rights expire and a third party cannot thereafter revive them and convey what that third party does not own. *See America Condominium Association, Inc. v. IDC, Inc.,* 844 A.2d 117, 131 (R.I.2004) (holding that development rights automatically expired when the declarant failed to exercise them by a date specified in the declaration); *St. Jean Place Condominium Association v. De-Leo,* 745 A.2d 738, 740 (R.I.2000) (concluding that a party cannot "convey what it [does] not own" and that once an ownership interest is extinguished, a party is "incapable of breathing life into the dead horse"). Here, declarant acquired a time-restricted right to exclude the real estate from the condominium. Once this reservation expired—whether by RICCU's failure or by the expiration of the ten-year period—the property passed to the condominium association. We are of the opinion that a foreclosure by a mortgagee does not transmute withdrawable real estate into a title in fee simple. "[T]he person taking title thereto" referenced in § 34–36.1–2.18(i) may only take that which his or her successor in interest was capable of transferring to him or her—in this case, a time-restricted right to require the association to exclude the real estate.

█ The state's Condominium Act is a consumer protection vehicle. *See America Condominium Association, Inc. v. IDC, Inc.,* 870 A.2d 434, 437 (R.I.2005). The Legislature mandated that a declaration granting development rights must include "a time limit within which each of those rights must be exercised." Section 34–36.1–2.05(a)(8). In so doing, the Legislature explicitly announced its intention that the right to withdraw land from the condominium is cabined by time restraints. Individual sections of a statute must be considered in the context of the entire statutory scheme, and not as stand-alone provisions. *R & R Associates v. City of Providence Water Supply Board,* 765 A.2d 432, 436 (R.I.2001). Because by enacting § 34–36.1–2.05 the Legislature decreed that special rights and development rights in a condominium project must be time-restricted, we are of the opinion that § 34–36.1–2.18(i) must be interpreted in harmony with the legislative goal of restricting the exercise of those rights. *See United States v. Verrecchia,* 196 F.3d 294, 299 (1st Cir.1999) (noting that the interpretation of statutory language should be consistent with other provisions of the statute); *State v. Enos,* 21 A.3d 326, 330–31 (R.I.2011) (holding that the interpretation of statutory language should be consistent with the Legislature's purpose and intent); *State v. Dearmas,* 841 A.2d 659, 666 (R.I.2004) (stating that when conducting statutory in-

---

**10.** We note that plaintiff purchased the subject parcel in 1994 and has offered no explanation for his failure to exercise his right to exclude the parcel in the nearly five years between the time he took title to the reservation and the time the right to withdraw expired in 1999.

terpretation, the Court endeavors to harmonize statutes that address the same subject matter and interpret them in a manner consistent with their general scope).

In *America Condominium Association, Inc.,* 870 A.2d at 442, this Court succinctly expressed the goals underlying the Condominium Act:

"We perceive the Rhode Island Condominium Act to be a careful attempt by the Legislature to strike a balance between a declarant's need for flexibility in creating a condominium and the interests of each individual unit owner in the enjoyment of his or her particular parcel of real estate. To that end, a declarant is permitted to reserve certain rights for future development, yet the unit purchaser is secured by the knowledge of what such rights are and the prescribed time limit within which they must be exercised."

We are satisfied that our decision in this case strikes the appropriate balance between the interests of the condominium unit owners—who had a right to rely on the ten-year limitation to withdraw the real estate—and the successor to the mortgagee, who could have required the association to exclude the parcel, but failed to timely exercise his rights. We recognize that it is the unit owners and the association that would absorb the impact if the plaintiff prevailed in securing an indefinite right to exclude and develop the parcel. As the Condominium Act is a consumer protection measure, it has the salutary purpose of protecting the expectations of the unit owners. An unlimited right to exclude real estate from the condominium would frustrate the justified expectations of the unit owners who reasonably relied on the ten-year limitation to the withdrawal rights set forth in the declaration. We decline to adopt such a sweeping interpretation of this provision of the statute. Accordingly, we affirm the judgment of the Superior Court, but on grounds somewhat different from those relied upon by the trial justice.

### Conclusion

For the reasons outlined above, this Court affirms the judgment of the Superior Court. The papers in this case may be returned to the Superior Court.