**Supreme Court**

No. 2012-189-Appeal.
No. 2012-190-Appeal.
(WC 05-336)

Timothy Raiche d/b/a T. Raiche Builders   :

v.   :

Timothy W. Scott et al.   :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2012-189-Appeal.
No. 2012-190-Appeal.
(WC 05-336)

Timothy Raiche d/b/a T. Raiche Builders     :

                v.                 :

Timothy W. Scott et al.         :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  These cases came before the Supreme Court on October 2, 2014, pursuant to an order directing the parties to appear and show cause why the issues raised in these appeals should not be summarily decided.[1]  After a bench trial, a justice of the Superior Court declared that the defendants, Timothy W. and Pamela J. Scott (defendants), owed the plaintiff, Timothy Raiche (plaintiff) d/b/a T. Raiche Builders, $5,455.50 in damages and further found that the defendants were responsible for prejudgment interest on the amount of an offer of judgment that had been deposited in the Registry of the Superior Court, in accordance with Rule 68(b)(3) of the Superior Court Rules of Civil Procedure.  The defendants timely appealed the trial justice's decision to award prejudgment interest on the amount of the offer of judgment.  The plaintiff cross-appealed the trial justice's damages award.  For the following reasons, we are of the opinion that cause has not been shown and, thus, deny and dismiss the appeals of both parties and affirm the judgment.

---

[1] Although two separate appeals were filed and two case numbers were assigned, we have consolidated the cases into this opinion.

- 1 -

**Facts and Travel**

The defendants own a home located on Solar Drive in Westerly, Rhode Island. In 2003, they decided to expand and remodel the dwelling. After obtaining a design plan, defendants met with several builders, including plaintiff. On November 20, 2003, defendants entered into a written agreement with plaintiff, in which plaintiff agreed to complete the construction work on defendants' home for $240,000. Construction commenced in January 2004.

During the course of the project, defendants requested certain design changes. For example, it became necessary to install a load-bearing beam, which resulted in additional changes to the kitchen plan. The defendants also requested outside stone work and a redesign of the kitchen's plumbing. Additionally, defendants selected a new lighting plan, which required additional electrical work. Although plaintiff instructed the appropriate subcontractors to implement the changes, the written agreement between plaintiff and defendants mandated that any changes that involved extra costs could only be executed by written orders and any such change order had to include payment terms.[2] No written change orders were executed between the parties.

After nine months of construction, the project was completed. In November 2004, plaintiff submitted an invoice to defendants, indicating a total of $318,242.80 in charges. The defendants' previous payment of $189,500 was credited, leaving a balance of $128,742.80. The

_____

[2] In pertinent part, the written agreement stated:

> "Any Alteration or deviation from the above specified involving extra costs will be executed only upon written orders, and will become an extra charge over and above the original contract price.
>
> "***
>
> "Any Change work orders that may be signed will have payment terms written on the order."

plaintiff acknowledged that this amount should have been reduced by $2,540—a cost listed inadvertently—and reduced the bill accordingly. Payment was not forthcoming.

On June 2, 2005, plaintiff filed suit asserting that defendants breached the contract and were unjustly enriched in failing to pay the remaining balance. On October 2, 2008, defendants presented an offer of judgment to plaintiff in accordance with Rule 68.[3] The defendants' offer of judgment stated: "[defendants,] pursuant to Rule[s] 67 and 68 of the Superior Court Rules of Civil Procedure, deposit the sum of $50,000 into the Registry of Court as an Offer of Judgment for the balance of the contract due and owing to * * * [p]laintiff[.]" On October 6, 2008, plaintiff accepted the offer of judgment, but only as part payment in accordance with Rule 68(b)(3). The plaintiff's acceptance stated: "[plaintiff], pursuant to Rule 68(b)(3) of the

---

[3] Rule 68 of the Superior Court Rules of Civil Procedure provides:

"(a) Offer of Judgment. At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance and thereupon the clerk shall enter judgment.

"(b) Payment into Court. A party defending against a claim may pay into court by depositing with the clerk a sum of money on account of what is claimed, or by way of compensation or amends, and plead that the defending party is not indebted to any greater amount to the party making the claim or that the party making the claim has not suffered greater damages. The party making the claim may (1) accept the tender and have judgment for the party's costs, (2) reject the tender, or (3) accept the tender as part payment only and proceed with the action on the sole issue of the amount of damages.

"(c) Offer Not Accepted. An offer under subdivision (a) or (b) above not accepted in full satisfaction shall be deemed withdrawn, i.e., shall not be disclosed to the jury, and evidence thereof is not admissible except in a proceeding to determine interest or costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted, or accepted only as part payment, does not preclude a subsequent offer." (Emphases added.)

Superior Court Rules of Civil Procedure, does accept the tender of [d]efendant[s], dated October 1, 2008 * * * as part payment only and will continue to proceed with the within action on the sole issue of the amount of damages." Approximately one year later, on October 30, 2009, plaintiff collected the $50,000 offer of judgment that had been deposited in the Superior Court Registry.

In September 2010, a Superior Court bench trial was held to determine the amount of damages incurred by plaintiff. In assessing the amount of damages, the trial justice conducted a thorough review of the evidence under a breach-of-contract analysis as well as an unjust-enrichment analysis. He concluded that, pursuant to the contract between the parties, plaintiff was entitled to $240,000 for construction work on the project. As defendants had already paid plaintiff $189,500 and deposited $50,000 into the Superior Court Registry, the trial justice found that plaintiff was entitled to $500. The trial justice also found, under an unjust-enrichment theory, that plaintiff was entitled to $4,955.50 for electrical work in connection with the new lighting plan, work that was not anticipated in the written agreement.[4] Thus, the trial justice awarded plaintiff $5,455.50, plus interest and costs.

A judgment entered on March 7, 2011, requiring defendants to pay $55,455.50, plus interest and costs from the date the action accrued until October 30, 2009, the date plaintiff withdrew the funds from the Superior Court Registry, with interest on the balance from October 30, 2009 until the date of judgment. After a series of orders and an objection by defendants, plaintiff thereafter filed a separate motion seeking to amend the form of the

---

[4] The plaintiff had been aware of all defendants' other construction changes and had worked directly with subcontractors when completing those changes. This additional electrical work, however, was completed without plaintiff's consent or pre-approval but billed to him by a subcontractor, an occurrence that differed from defendants' other requested construction changes.

judgment to conform to the trial justice's written decision.

At a subsequent hearing, plaintiff argued that the judgment should reflect that prejudgment interest was due on the $50,000 offer of judgment from November 17, 2004 until October 30, 2009. The defendants argued that prejudgment interest should apply only to the $5,455.50 amount, not the Rule 68 offer-of-judgment amount. The trial justice granted plaintiff's motion to amend, vacated the previous judgment, and asked plaintiff to submit a new judgment.

The trial justice then issued an order on the issue of prejudgment interest, finding that the offer of judgment did not include prejudgment interest and that prejudgment interest was owed on the $50,000 from the date the action accrued to the day it was paid. The trial justice specifically noted that a Rule 68(c) "offer * * * not accepted in full satisfaction shall be deemed withdrawn, i.e., shall not be disclosed to the jury, and evidence thereof is not admissible except in a proceeding to determine interest or costs[,]" as support that "the rule assumes that the clerk will need to know what payments were [made] in order to calculate the amount of prejudgment interest."[5] Lastly, the trial justice concluded that payment of the offer of judgment to the court registry tolls the accrual of additional interest, but he noted that payment was not made until February 2009. Therefore, the trial justice found that "[p]rejudgment interest shall be calculated on the amount of $55,545.30 from the date of filing of the complaint to October 30, 2009. Additional prejudgment interest shall be calculated on the amount of $5[,]545.30 from October 30, 2009 to the date of the judgment." After several attempts, an amended final judgment was entered on March 30, 2011. Both parties timely appealed.

---

[5] The trial justice also reasoned that the offer of judgment did not include interest, because the offer had never been filed with the Superior Court. That issue is not before us.

- 5 -

Before this Court is (1) defendants' appeal, asserting that the trial justice erred in awarding prejudgment interest on the $50,000 deposited in the court registry as an offer of judgment; and (2) plaintiff's cross-appeal, asserting that the trial justice erred in awarding only $55,455.50[6] in damages.

**Standard of Review**

"When interpreting statutes and court rules, we apply a de novo standard of review." State v. Brown, 898 A.2d 69, 76 (R.I. 2006) (citing Jacksonbay Builders, Inc. v. Azarmi, 869 A.2d 580, 583 (R.I. 2005)). "In matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act * * *." State v. Hazard, 68 A.3d 479, 485 (R.I. 2013) (quoting Alessi v. Bowen Court Condominium, 44 A.3d 736, 740 (R.I. 2012)). "[W]hen the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Id. (quoting Alessi, 44 A.3d at 740). "However, the plain meaning approach must not be confused with 'myopic literalism'; even when confronted with a clear and unambiguous statutory provision, 'it is entirely proper for us to look to the sense and meaning fairly deducible from the context.'" Id. (quoting In re Brown, 903 A.2d 147, 150 (R.I. 2006)). "Therefore, we must 'consider the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections.'" Id. (quoting Mendes v. Factor, 41 A.3d 994, 1002 (R.I. 2012)).

---

[6] Both parties' briefs and the trial court decision list the damages total as $55,455.50. However, the trial justice's order, "Relating to Motion to Amend Judgment[,]" lists the damages total at $55,545.30. The origin of this discrepancy is unclear. Nonetheless, as the last amended judgment order listed the total damages as $55,455.50, plus interest and both parties refer to this number as the damages award, the Court will use $55,455.50 as the damages award that plaintiff is appealing.

Additionally, "[i]t is well established that the factual findings of a trial justice sitting without a jury are accorded great weight and will not be disturbed unless the record shows that the findings clearly are wrong or the trial justice overlooked or misconceived material evidence." Process Engineers & Constructors, Inc. v. DiGregorio, Inc., 93 A.3d 1047, 1051 (R.I. 2014) (quoting Wellington Condominium Association v. Wellington Cove Condominium Association, 68 A.3d 594, 599 (R.I. 2013)). "If, as we review the record, it becomes clear to us that 'the record indicates that competent evidence supports the trial justice's findings, we shall not substitute our view of the evidence for [that of the trial justice] even though a contrary conclusion could have been reached.'" Id. at 1052 (quoting Wellington Condominium Association, 68 A.3d at 599). "When we review the factual findings of a trial justice sitting without a jury, we accord those findings great deference." Lamarque v. Centreville Savings Bank, 22 A.3d 1136, 1140 (R.I. 2011). "Pure questions of law, however, we review on a de novo basis." Id.

## Analysis

### Rule 68 Offer of Judgment

In this case, we are called upon to interpret Rule 68, which contains a fairly unique procedural mechanism not found in other jurisdictions.[7] The issue before us is a matter of first impression: whether a tender made in connection with an offer of judgment that is accepted as part payment, in accordance with Rule 68(b)(3), includes prejudgment interest. The defendants

---

[7] Rhode Island's Rule 68(b)(3) allows a party to accept an offer of judgment "as part payment only and proceed with the action on the sole issue of the amount of damages." Rules permitting offers of judgment in most jurisdictions do not allow for acceptance as part payment only. See, e.g., Fed. R. Civ. P. 68; Alaska R. Civ. P. 68; Del. R. Civ. P. 68; Me. R. Civ. P. 68; Mass. R. Civ. P. 68; S.C. R. Civ. P. 68; Tenn. R. Civ. P. 68.

argue that the trial justice erred in awarding statutory interest on the $50,000 tender, because the offer of judgment was made with the intent to fully resolve the case—meaning that their offer of judgment included prejudgment interest. The defendants assert that Rule 68 is designed to incentivize settlements and that similarly situated defendants would have little motivation to make offers of judgment if acceptance in partial satisfaction did not constitute a compromise settlement, inclusive of interest. The plaintiff argues that the imposition of prejudgment interest was appropriate because the total amount of damages exceeded the $50,000 offer of judgment and that the offer of judgment did not indicate that prejudgment interest was included.

Rule 68(b)(3) provides that a party making a claim may "accept the tender [of an offer of judgment] as part payment only and proceed with the action on the sole issue of the amount of damages." Importantly, Rule 68(b)(3) must be read in conjunction with Rule 68(c), which provides that "[a]n offer * * * not accepted in full satisfaction shall be deemed withdrawn, i.e., shall not be disclosed to the jury, and evidence thereof is not admissible except in a proceeding to determine interest or costs." (Emphases added.) We are of the opinion that this language is clear and unambiguous. Rule 68 is devoid of any language that would suggest that an offer of judgment accepted as part payment only also includes prejudgment interest. Therefore, as "our assigned task is simply to interpret the [rule], not to redraft it * * *[,]" we conclude that an offer of judgment accepted as part payment only does not include prejudgment interest. See Iselin v. Retirement Board of the Employees' Retirement System of Rhode Island, 943 A.2d 1045, 1049 (R.I. 2008) (quoting Sindelar v. Leguia, 750 A.2d 967, 972 (R.I. 2000)).

However, if an offer of judgment accepted as part payment only explicitly states that prejudgment interest is included in the offer, this condition would be sufficient to establish that

prejudgment interest was included in the offer of judgment.[8]  Also, although not raised by either party to this case, a question arises as to when prejudgment interest should stop accruing on an offer of judgment that is accepted as part payment only—when the offer is deposited in the Registry of the Superior Court or when the funds are collected?  The commentary to Rule 68 provides guidance, stating that "[s]ince [the claimant accepting the offer] has the option of accepting the deposit as part payment, he [or she] is not entitled to interest on the amount deposited after the date of deposit, no matter how large his ultimate recovery."  Robert B. Kent, et al., Rhode Island Civil Procedure § 68:2 (West 2011).  Accordingly, interest on an offer of judgment accepted as part payment only runs from the accrual date until the date the funds are deposited into the Superior Court Registry.

## Damages

In his cross-appeal, plaintiff contends that the trial justice erred in his damage award, because, he contends, the evidence submitted at trial established $126,152.60 in damages, an amount that was not disputed at trial.  The plaintiff argues that, because defendants' cross-claim for defective workmanship and defective services was dismissed, defendants were thus precluded from contesting the amount of damages.  However, no cross-claim was filed in this case.[9]  The plaintiff also contends that defendants were precluded from contesting damages by the doctrines of res judicata and collateral estoppel—apparently because the issue of defective workmanship was not litigated.  The plaintiff does not clarify how those doctrines apply in this case. Therefore, we decline to address this argument and confine our analysis to whether the trial

---

[8] We caution, however, that to be effective, this mechanism requires a calculation of what portion of the offer is compensation and what portion of the amount is prejudgment interest.

[9] The plaintiff may be referring to defendants' counterclaim (rather than a cross-claim), which alleged defective workmanship and defective services; nonetheless, dismissal of the counterclaim has no bearing on the damages issue before this Court.

justice erred in finding that plaintiff was entitled to $55,455.50 in damages, instead of the amount plaintiff claims. See Fisher v. Applebaum, 947 A.2d 248, 252 (R.I. 2008).

Our assessment of the record reveals that that the trial justice conducted a proper review of the evidence adduced at trial. He reviewed the written agreement between the parties and assessed the credibility of the witnesses. He then performed a thorough analysis of Rhode Island's parol evidence rule. Under Rhode Island law, a court can consider parol evidence for the purpose of "supplement[ing] an agreement that is incomplete" or not fully integrated. Lisi v. Marra, 424 A.2d 1052, 1055 (R.I. 1981). However, a court cannot consider parol evidence for the purpose of contradicting an agreement not fully integrated. See Golden Gate Corp. v. Barrington College, 98 R.I. 35, 42, 199 A.2d 586, 590 (1964). The trial justice determined that the parties' contractual relationship was governed by the written agreement. Next, the trial justice found "the written agreement to be an incomplete expression or 'partial integration,'" and "proceed[ed] to the final step of the [parol evidence] analysis—comparing the terms of the alleged oral agreement to those of the written agreement." He found that, "[b]ecause the oral pricing terms contradict the written pricing terms, the written pricing terms must govern."

Turning to plaintiff's theory of unjust-enrichment, the trial justice found that plaintiff was entitled to $4,955.50 for electrical work that was performed at plaintiff's expense. Although the trial justice included the $4,955.50 in his total damage award, plaintiff's cross-appeal did not dispute the trial justice's unjust-enrichment finding. Therefore, the trial justice concluded that (1) $240,000 was the governing price term in the only written agreement between the parties; (2) defendants had previously paid plaintiff $239,500; (3) defendants also owed plaintiff $4,955.50 for electrical work not included in the written agreement; and (4) defendants made an offer of judgment for $50,000. Thus, plaintiff's damages totaled $55,455.50.

This Court accords great weight to the factual findings and conclusions of a trial justice sitting without a jury, and we are satisfied that the trial justice made sufficient findings of fact, evaluated the testimony, and was not clearly wrong in his conclusion that the plaintiff is entitled to $55,455.50, not $126,152.60.

## Conclusion

For the reasons set forth in this opinion, the Court affirms the judgment of the Superior Court. The papers in this case may be returned to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

---

**TITLE OF CASE:**       Timothy Raiche d/b/a T. Raiche Builders v. Timothy W. Scott et al.

**CASE NO:**       No. 2012-189-Appeal.
No. 2012-190-Appeal.
(WC 05-336)

**COURT:**       Supreme Court

**DATE OPINION FILED:**  October 31, 2014

**JUSTICES:**       Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**       Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**   Washington County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Jeffrey A. Lanphear

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Michael P. Lynch, Esq.

For Defendants:  Michael J. Jacobs, Esq.