Justice ROBINSON,
dissenting.
“You say you want a revolution
Well, you know
We all want to change the world.”
— The Beatles
“Revolution” (1968)[1]
I' respectfully, but very vigorously, dissent- from the majority opinion. That opinion is well written and seeks earnestly to sail carefully between Scylla and Charybdis. However, I am convinced that the conclusion reached by the majority is far-reaching and indeed radical, if not revolutionary; and, in my view, it is not founded on an adequate basis in clear legislative authorization.
I do not question the prerogative and ability of the General Assembly to enact a legislative scheme similar to the one that the majority concludes is dictated by the existing statutory scheme. But I do not believe that, as of this point in time, the General Assembly has done so with anything near the degree of clarity that should characterize legislation that so fundamentally alters venerable principles of the law governing secured transactions. Indeed, it is truly remarkable that, in connection with the survival (vel non) of the prior recorded first mortgage after the condominium foreclosure sale, the statutes at issue are utterly- silent; they never use the word “extinguish,” nor any synonyrii thereof.[2] Aso notable is the fact that, in addi *907 tion to not using the word “extinguish,” the statutes do not use the term “super-priority” which the majority employs to describe that portion of the association’s, lien that, by the terms of the statutes, is given priority over other recorded liens and mortgages. .
A review of this Court’s well-established precedent indicates that, when a statute is devoid of any language indicating that it was intended to extinguish a first recorded mortgage we should simply interpret the act as it is worded; “it is not the office of the [Cjourt to insert in a statute that which has been omitted and * *'* what the legislature omits, the courts cannot supply.” 73 Am.Jur.2d Statutes § 114 at 353 (2012); see Iselin v. Retirement Board of the Employees’ Retirement System of Rhode Island, 943 A.2d 1045, 1049 (R.I.2008); see also Raiche v. Scott, 101 A.3d 1244, 1249 (R.I.2014). Moreover, we must be guided by “what the legislature said in a statute, and not by what [we] may think the legislature said.” 2A Norman J. Singer and Shambie Singer, Statutes and Statutory Construction § 46:3 at 184 (7th ed. 2014).
In applying our precedent and analyzing the statutory scheme at issue, I have remained cognizant .of Justice Felix Frankfurter’s powerful metaphorical warning: “The search for significance in the silence of [the Legislature] is too often the pursuit of. a mirage.” Scripps-Howard Radio, Inc. v. Federal Communications Commission, 316 U.S. 4, 11, 62 S.Ct. 875, 86 L.Ed. 1229 (1942). I simply cannot perceive the necessary degree of clarity in' the General Assembly’s language that would be required for this Court to avoid the pursuit of such a mirage. Moreover, the unsettling absence of clarity, in the statutes before us renders it impossible for me to be able to concur that the General Assembly has knowingly rendered insecure transactions that for • generations have been understood to be the nec plus ultra in the world of secured transactions — viz., prior recorded first, mortgages. It is certainly not the custom of the General Assembly to sound an uncertain trumpet when so .much is at stake. As just one of several examples of that point, I note that, when this Court concluded that the General. Assembly had intended to repeal the illusory transfer test in the trusts and estates context, the Court went out of its way to note the “clear, precise, and broad language ” of, the subject amendatory provision that was passed by the General Assembly. Barrett v. Barrett, 894 A.2d 891, 898 (R.I.2006) (emphasis added). I do not believe that any objective speaker of' English would be inclined to use those adjectives to describe the statutory scheme presently before us.
I note that the statutory scheme at issue includes a thirty-day right of redemption for the mortgage holder after the condominium foreclosure sale; the majority relies on that right of redemption in arriving at its conclusion that the mortgage in the instant case was extinguished. However, I do not believe that the inclusion of such a provision renders the statute clear enough to be interpreted in the manner that the majority endorses. In fact, I believe that it merely adds to the lack of clarity in the statutory scheme at issue,[3]
*908 The majority opinion, with laudable candor, acknowledges its awareness of “the draconian nature” of the effects of its own holding.[4] But the very word “draconian”constitutes the nub of what prevents me from joining my colleagues in the majority. The majority opinion perceives in the admittedly complicated and interrelated statutes at issue a scheme which radically unsettles very venerable principles concerning prior recorded first mortgages. I repeat that the General Assembly has the inherent right to change those principles— provided, of course, that there is adherence to pertinent state and federal constitutional norms. However, I believe that, in order to do so, the General Assembly would have to announce the parameters of the regime which it intended to impose in a far clearer manner than it has sought to do in the present highly complex and exception-riddled statutory miasma.
Consequently, I must respectfully, although forcefully, record my dissent.

. In the course of his decision granting defendant’s motion ,to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil *907 Procedure, the trial justice in the Superior Court similarly noted the absence in the statute of verbs or nouns connoting extinguish or extinguishment or the like. In lapidaty language he said: -
"Nothing in this section indicates that a first mortgage is extinguished absent timely redemption by the mortgagee. In fact, the word extinguish does nót 'appear in the ’Statute * * *.”

: A right of redemption is conventionally used to allow a- debtor to redeem its property from *908 a creditor. See, e.g., Desseau v. Holmes, 187 Mass. 486, 73 N.E. 656, 657 (1905) (noting that an agreement between a debtor and a creditor stating that there would be no right of redemption for the debtor under a mortgage was void as against public policy). The statutory scheme with which this Court is contending specifically grants a right of redemption to the holder of the first mortgage rather .than the debtor. See G.L. 1956 § 34-36.1-3.21. Thus, while the language used by the General Assembly in the right of redemption section may be clear when viewed in and of itself, when viewed in light of the other provisions of the statutes at issue, it still lacks the clarity which I believe is necessary for the General Assembly to so radically alter the principles of the law of secured transactions.

. “Draconian” is defined as "[e]xceedingly harsh; very severe.” The American Heritage Dictionary of the English Language 543 (5th ed. 2011).