PAUL ROBERT *v.* CARMEN SCARLATA ET AL.
(AC 26691)

Flynn, C. J., and Rogers and Hennessy, Js.

---

Argued March 29—officially released June 13, 2006

*Paul Robert*, pro se, the appellant (plaintiff).

*Jonathan A. Kaplan*, with whom was *Donald E. Weisman*, for the appellees (defendants).

### Opinion

FLYNN, C. J. The pro se plaintiff, Paul Robert, appeals from the judgment of the trial court awarding a lesser amount in damages on his trespass claim against the defendants, Carmen Scarlata and Wanda Bermudez, than was sought by the plaintiff. The defendants initially had pleaded a special defense of adverse possession but before the presentation of evidence, withdrew that defense and admitted that their conduct constituted a

trespass. Accordingly, the sole issue determined by the court was the amount of damages sustained by the plaintiff. On appeal, the plaintiff claims that the court improperly determined the amount of damages it awarded to him. We affirm the judgment of the trial court.

The trial court found the following relevant facts. "[The] plaintiff is the owner of a home located at 268 Trout Brook Drive in West Hartford . . . having acquired the house by a deed dated November 19, 1999. The defendants have owned the house located at 18 Carol Road in West Hartford since June 22, 2001, and lived in the house as tenants prior to that date. The parties' properties abut.

"The relevant portion of [the] plaintiff's land is surrounded by a chain-link fence [that] was in place before he bought the property. A portion of [the] plaintiff's land, which is immediately adjacent to the defendants' land, is outside the chain-link fence. The area in question is approximately 105 square feet. [The] plaintiff testified that in or about April, 2000, the defendants began encroaching upon the 105 square feet in question by placing a barbecue grill and a portable tool shed in that area. [The] defendants also hung a tire swing from a tree limb, from a tree on [the] plaintiff's property, which limb hung over the area in dispute. In 2003, [the] defendants installed several sections of stockade fence parallel to the chain-link fence, thereby further restricting [the] plaintiff's access to the 105 square feet of his land, which was on the outside of the chain-link fence. At about the same time, the defendants hung a clothesline in the area in question.

"[The] plaintiff testified that he confronted [the] defendants about their trespass on several occasions and that they told him to take them to court if he wanted them to stop. He brought this action by writ of summons

and complaint dated September 1, 2004. The defendants sold their house on or about September 15, 2004. Prior to the sale, all structures encroaching on [the] plaintiff's land were removed."

On the basis of these facts, the court found that the plaintiff was entitled to recover "at least" nominal damages for the defendants' trespass. It also found that the plaintiff was entitled to compensatory damages in the amount of $500 on the basis of an appraisal report, prepared by Peter R. Marsele, an experienced real estate appraiser, which opined that "the defendants' encroachment on [the] plaintiff's property reduced its value by $500." This report had been offered by the plaintiff and was not contested by the defendants. The court found the report "credible and probative on the issue of damages" and awarded damages in accordance therewith. The court did not credit the plaintiff's testimony that he also was entitled to the rental value of this property for the sixty months in which the defendants had encroached on it, which the plaintiff opined was valued at $180 per month, for a total of $10,800, finding this testimony "to be neither credible nor probative." The court further found that the plaintiff had not "established any entitlement to compensatory damages beyond the slight diminution of the value of his property caused by the encroachment." This appeal followed.

We first set forth our standard of review. "Normally, we review a court's determination of damages under an abuse of discretion standard. . . . When, however, a damages award is challenged on the basis of a question of law, our review [of that question] is plenary." (Citation omitted.) *Motherway* v. *Geary*, 82 Conn. App. 722, 726, 846 A.2d 909 (2004). It is axiomatic that damages are awarded on the basis of facts and credible evidence, as found by the trier of fact. On appeal, "[w]e will upset a factual determination of the trial court only if it is clearly erroneous. . . . We cannot retry the facts or pass on the credibility of the witnesses." (Internal quo-

tation marks omitted.) *Stohlts* v. *Gilkinson,* 87 Conn. App. 634, 640, 867 A.2d 860, cert. denied, 273 Conn. 930, 873 A.2d 1000 (2005).

On appeal, the plaintiff claims that the court improperly determined the amount of damages it awarded to him. He argues that the court used an improper measure of damages because it awarded only "nominal damages, based on the appraisal [report], which provided that the defendants' encroachment reduced the value of the plaintiff's property by $500, without considering the value of the plaintiff's loss of use of the area encroached."[1] We disagree.

"Whenever *a harm to land* occurs from an invasion of property rights, the measures of damage to be considered are the difference in the value of the land before and after the harm, the loss of the use of the land, and the discomfort and annoyance to the party harmed as an occupant." (Emphasis added.) 75 Am. Jur. 2d 97–98, Trespass § 130 (1991); see 4 Restatement (Second), Torts § 929, p. 544 (1979). "If one is entitled to a judgment for *the detention of, or for preventing the use of, land* or chattels, [however] the damages include compensation for (a) the value of the use during the period of detention or prevention . . . and (b) harm to the subject matter or other harm of which the detention is the legal cause." (Emphasis added.) 4 Restatement (Second), supra, § 931, pp. 551–52.

[1] The plaintiff also argues that the court failed to consider the intentional nature of the trespass when making its damages award and that it should have awarded punitive damages. We conclude that this argument concerning punitive damages is without merit. First, there is nothing in the record to suggest that the court found this trespass to be anything but intentional; the defendants, themselves, admitted the trespass, and trespass to land is, by definition, an intentional tort. See generally *Right* v. *Breen*, 277 Conn. 364, 372, 375, 890 A.2d 1287 (2006). Second, and more important, the plaintiff did not request punitive damages in his complaint, nor did he plead any facts consistent with, or in support of, a request for punitive damages. Therefore, the court was correct in not making such an award.

"The measure of damages to be awarded for an injury resulting from a trespass depends upon whether the injury is permanent or temporary . . . . A temporary injury is one which may be abated or discontinued at any time . . . and, when injury to property is remedial by restoration or repair, it is considered to be temporary." 75 Am. Jur. 2d 95–96, Trespass § 127 (1991); see also *Vincent* v. *New York, N. H. & H. R. Co.*, 77 Conn. 431, 441–42, 59 A. 491 (1904) (discussing difference between permanent and temporary taking and damages occasioned thereby). "There is no fixed, inflexible rule for determining the measure of damages for injury to . . . property resulting from a trespass. The measure of damages differs according to the nature of the injury. . . . Damages for the dispossession of property are regarded as an award of compensatory damages for the violation of a recognized property right and encompass more than actual pecuniary loss. . . . If one is entitled to a judgment for detention of or preventing the use of . . . land . . . the damages include compensation for . . . [t]he value of the use during the period of detention . . . and . . . [t]he harm to the property or other harm of which the detention is the legal cause." 75 Am. Jur. 2d 95–96, supra, § 126; see 4 Restatement (Second), supra, § 931, pp. 551–52; 1 F. Harper, F. James & O. Gray, Torts (3d Ed. 1996) § 1.8, p. 1:36 ("[w]hen the injury is to possession alone, damages are typically measured by rental value" [internal quotation marks omitted]).

In this case, there is no dispute that the defendants' invasion of the plaintiff's property was temporary in nature. On the basis of this temporary trespass, which caused no lasting physical damage, we agree with the plaintiff's contention that he was entitled to damages based on the lost use value of the property and any harm caused by the trespass during the time of the defendants' occupation. See 75 Am. Jur. 2d 95, supra, § 126; see 4 Restatement (Second), supra, § 931, pp.

551–52; 1 F. Harper, F. James & O. Gray, supra, § 1.8, p. 1:36. We disagree, however, that the court used a different measure of damages in this case. The record supports the conclusion that the court used the loss of use value of the property, as set forth in the appraisal report, and that it specifically found that the plaintiff had proven no other damages.

When making its assessment of damages, the court had before it the uncontested appraisal report, which the plaintiff had submitted. In this report, Marsele noted that he was opining on the damages resulting from a nonpermanent encroachment. Specifically, he stated: "The purpose of this report is to estimate the damage from the encroachment on [the] subject property, with a fence and shed over 105.4 S.F. of land for *a period of approximately five years,* by an adjoining neighbor. I personally inspected the premises on March 25, 2005 and after careful analysis of all the facts pertaining to [the] subject property, its environs and general neighborhood, it is my opinion the Estimate of Damage as of September 2004 is:

| | |
|---|---|
| "Value Before The Encroachment | $160,000 |
| "Value After the Encroachment | 159,500 |
| "Total Estate of Damage | $    500." |

(Emphasis added.)

The court specifically credited this opinion, which was offered into evidence by the plaintiff, and found that the encroachment on the plaintiff's property reduced its value by $500. There is nothing in the record that indicates that this reduction in value is for anything other than the loss of use value of the property over the five year period of encroachment. In addition to finding the appraiser's opinion credible, the court specifically discredited the plaintiff's testimony concerning the rental value of the property. The court also found that the plaintiff had proven no other compensatory

damages beyond the $500. Although the plaintiff argues that the court should have credited his testimony, as we have stated previously, "[w]e cannot retry the facts or pass on the credibility of the witnesses." (Internal quotation marks omitted.) *Stohlts* v. *Gilkinson*, supra, 87 Conn. App. 640. The plaintiff points us to nothing in the record that would demonstrate that these findings were clearly erroneous or that the court used an improper measure of damages.

The judgment is affirmed.

In this opinion the other judges concurred.