**Supreme Court**

No. 2014-240-Appeal.
(NC 11-266)

Newstone Development, LLC      :

v.             :

East Pacific, LLC et al.      :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Newstone Development, LLC      :

v.      :

East Pacific, LLC et al.      :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** This case arises from an incident involving a frozen water pipe and its diluvial aftermath, which caused extensive property damage to several Newport waterfront luxury condominium units. The plaintiff, Newstone Development, LLC (Newstone), owned several units in the condominium complex at the time of the incident. Newstone now appeals from a Superior Court judgment in favor of the defendants, East Pacific, LLC (East Pacific), Michael Rabinowitz, Diane Rabinowitz (the Rabinowitzes), and the contractors, engineers, and architects who were involved in building the condominium (construction defendants).[1] The sole issue before this Court is whether the plaintiff can recover loss-of-use damages during the time that the condominium units were under repair. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

---

[1] The construction defendants include the following: Stonestreet Construction, LLC, Newport Collaborative Architects, Inc., Bergmeyer Associates, Inc., Odeh Engineers, Inc., Allied Consulting Engineering Services, Inc., Fire Suppression Systems Group, Sun Fire Protection & Engineering, Inc., Cinco Plumbing & Heating, Inc., Baystate Drywall Co., Inc., and Johnson Insulation Company, Inc.

# I

## Facts and Procedural History

The essential facts in this case are not in dispute and are as follows. Newstone owned several condominium units at The Residences at Brown and Howard Wharf Condominiums in Newport (The Residences). East Pacific, an entity formed by the Rabinowitzes for the sole purpose of purchasing their condominium unit, owned unit 205 at The Residences. For a period of time prior to December 19, 2009, the Rabinowitzes had turned off the heat in unit 205. On December 19, 2009, water in a pipe passing through their unit froze, causing the pipe to rupture. The ensuing flood caused extensive damage to The Residences, including to common areas and to units within the building. Units 203, 204, and 206, all of which were owned by Newstone (the Newstone units), sustained a total of $1,600,000 in property damage. At the time of the incident, the Newstone units were unoccupied, and were listed and being marketed for sale. Newstone's insurance provider has since paid for all the necessary repairs to the Newstone units and the units have been sold at full market value.

On May 9, 2011, Newstone filed a four-count complaint against the Rabinowitzes and East Pacific. The complaint alleged counts of negligence (count 1), trespass (count 2), diminution of value of plaintiff's property (count 3), and strict liability (count 4). In its complaint, Newstone alleged that the "condominiums [at The Residences] were extensively damaged as a result of the flooding and water damage caused by * * * [d]efendants." On August 8, 2012, Newstone filed a motion for leave to file an amended complaint, which the hearing justice granted. The amended complaint omitted counts 2 and 4, and alleged that Newstone suffered damages as a result of "not being able to use, occupy, rent or lease the Newstone

[u]nits." The complaint was amended again on February 20, 2013. The second amended complaint added construction defendants as additional defendants to the suit.[2]

On January 24, 2014, East Pacific and the Rabinowitzes filed a motion for summary judgment, to which plaintiff objected. A hearing was held on April 7, 2014. At the summary judgment hearing, plaintiff acknowledged that the Newstone units had sold and had not lost value; consequently, plaintiff informed the court that it would no longer be pressing its claim for diminution of property value. As to its negligence count, plaintiff sought to recover damages for the loss of use of the units as measured by the fair rental value for the period of time that the Newstone units were under repair. The plaintiff argued before the hearing justice that its damages during this period amounted to "loss of use [of the Newstone units,] [l]oss of the ability to rent the [Newstone units] or use the[m] * * * as its own * * *." The hearing justice granted East Pacific and the Rabinowitzes' motion for summary judgment.[3]

The plaintiff subsequently filed a motion to reconsider. During the May 5, 2014, hearing on the motion to reconsider, the hearing justice explained that he had granted East Pacific and the Rabinowitzes' motion for summary judgment because "it was pretty much conceded that at the time of the loss that [the Newstone units] were not being offered for rentals." The plaintiff argued for the first time during the hearing on the motion to reconsider that, irrespective of whether it had actually suffered a loss of use, it was entitled to recover for a "prospective loss of use." The hearing justice disagreed and denied plaintiff's motion.

---

[2] On March 14, 2013, East Pacific and the Rabinowitzes filed a third party complaint against several construction defendants.

[3] During the summary judgment hearing, counsel representing one of the construction defendants requested that the hearing justice apply his grant of summary judgment to all construction defendants, because their separately filed motions would mirror the one before the court. The hearing justice declined to decide any motion that was not properly before him.

- 3 -

Following the denial of plaintiff's motion to reconsider, construction defendants filed their respective motions for summary judgment.[4]  A hearing on their motions was held on June 23, 2014.  At the hearing, plaintiff raised the same argument that it had made during the motion to reconsider, i.e., that it was entitled to recover loss-of-use damages even in the absence of actual economic loss.  The hearing justice granted construction defendants' motions for summary judgment reasoning that "awarding * * * [p]laintiff damages for loss of use," where there was no actual loss of rent, "would result in * * * [p]laintiff profiting from this incident, something which the law should discourage."  Final judgment entered for all defendants and plaintiff filed a timely notice of appeal.

## II

## Standard of Review

"This Court will review the grant of a motion for summary judgment de novo, 'employing the same standards and rules used by the hearing justice.'" Daniels v. Fluette, 64 A.3d 302, 304 (R.I. 2013) (quoting Great American E & S Insurance Co. v. End Zone Pub & Grill of Narragansett, Inc., 45 A.3d 571, 574 (R.I. 2012)).  "We will affirm a [trial] court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Id. (quoting Great American E & S Insurance Co., 45 A.3d at 574).  Furthermore, "the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Id. (quoting

---

[4] The construction defendant Odeh Engineers, Inc. had already filed its motion on May 1, 2014, and construction defendant Allied Consulting Engineering Services, Inc. had filed its motion on April 28, 2014.

Great American E & S Insurance Co., 45 A.3d at 574). It is well settled that "issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved by trial in the ordinary manner." Holley v. Argonaut Holdings, Inc., 968 A.2d 271, 274 (R.I. 2009) (quoting Gliottone v. Ethier, 870 A.2d 1022, 1028 (R.I. 2005)). However, "summary judgment should enter 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *.'" Lavoie v. North East Knitting, Inc., 918 A.2d 225, 228 (R.I. 2007) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

### III

### Discussion

On appeal, plaintiff acknowledges the absence of actual economic loss, but "maintain[s] that it [is] nonetheless entitled to damages from [defendants] for their tortious invasion and deprivation of its right to use its units during the repair period." The plaintiff argues that §§ 929 and 931 of the Restatement (Second) Torts (1979) (the Restatement) provide for damages for the loss of use of the property—measured by the property's fair rental value during the repair period—where real estate is tortiously damaged, "even where the owner in fact suffers no harm by the deprivation." (Emphasis omitted.) The plaintiff contends that, "in property loss cases, proof of actual economic loss is not an essential element for recovery of loss[-]of[-]use damages," and, consequently, that the decision of the Superior Court should be reversed.

In response, defendants argue that plaintiff has failed to present any evidence to support a finding that plaintiff actually lost the use of the Newstone units, "let alone that it sustained any injury related to the alleged loss of use." The defendants argue that, even if plaintiff had presented evidence that it lost use of the Newstone units, plaintiff nonetheless waived any argument that §§ 929 and 931 of the Restatement do not require proof of actual damages to

recover for loss of use because plaintiff presented this argument for the first time during the hearing on the motion to reconsider. Additionally, defendants maintain that, even if the argument were properly before this Court, "[o]nce [plaintiff] concede[d] that it [had] not sustain[ed] any economic loss * * *, [its] claim failed as a matter of law." Contrary to plaintiff's contentions, defendants insist that an actual injury must be proven to recover any consequential damages related to the loss of use of the Newstone units.

"It is well settled that to prevail on a claim of negligence a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and [an] actual loss or damage." Nationwide Property & Casualty Insurance Co. v. D.F. Pepper Construction, Inc., 59 A.3d 106, 110 (R.I. 2013) (quoting Habershaw v. Michaels Stores, Inc., 42 A.3d 1273, 1276 (R.I. 2012)). Generally, when the damage to property is temporary, the cost of repair is the proper measure of damages. Banville v. Brennan, 84 A.3d 424, 432 (R.I. 2014). However, in certain circumstances involving an encroachment upon land, damages "may include the difference in value of the land before and after the harm as well as damages for the loss of use of the land." Id. at 433 (citing Restatement (Second) Torts § 929 (1979)). Section 929(1)(b) of the Restatement provides that, for an invasion of land "not amounting to a total destruction of [its] value," the landowner may recover damages for "the loss of use of the land." Moreover, an occupant of real property may recover damages for harm to the occupant's enjoyment of his or her property in the event that he or she can prove "some interference with or deprivation of a possessory interest in the property in question as a condition precedent to obtaining damages for any resulting inconvenience, discomfort, or annoyance * * *." Hawkins v. Scituate Oil Co., 723 A.2d 771, 772, 773 (R.I. 1999).

Here, it is uncontested that there are no material facts in dispute, rendering this case ripe for summary disposition. As to plaintiff's negligence count, plaintiff has failed to set forth competent evidence that it suffered an "actual loss or damage," and we decline to depart from this venerable predicate of our law of negligence in the circumstances of this case. See Nationwide Property & Casualty Insurance Co., 59 A.3d at 110. Rather, we find plaintiff's assertion that it can recover loss-of-use damages—despite the fact that it conceded that it suffered no actual economic loss—to be misplaced. The principal Rhode Island cases upon which plaintiff relies are readily distinguishable.

In Hawkins, 723 A.2d at 772, this Court allowed homeowners to recover damages for inconvenience, discomfort, or annoyance when their home was flooded with home heating oil. Unlike the case at bar, Hawkins involved "a physical interference with or a loss of a possessory interest in real property." Id. at 773. There, the tortfeasor's wrongdoing interfered with the plaintiffs' rightful occupancy of the property. Id. Here, it is conceded that plaintiff held the condominium units solely for sale. Moreover, in Banville, 84 A.3d at 433, relying in large measure upon § 929 of the Restatement, we affirmed an award of damages for diminution in value for, at least in part, loss of use of the plaintiff's real estate. The trial justice had found that the plaintiff's use and enjoyment of her property had been adversely impacted by the defendant's behavior, which included the construction of a building encroaching on the plaintiff's land. Banville, 84 A.3d at 433. In upholding the award of damages for the loss of the plaintiff's use and enjoyment of her property, we specifically noted "the defendants' willful encroachment, in the face of ample notice that there was a significant problem with [a] survey, and the real and lasting harm to the plaintiff's property as a result of the defendant's behavior." Id. In this case, there is no allegation, let alone evidence presented, of any willful encroachment on the part of

defendants or of any "real and lasting harm" to the Newstone units. To the contrary, it is undisputed that the Newstone units were fully restored at no cost to plaintiff and were sold at fair market value.

Additionally, plaintiff's reliance on §§ 929 and 931 of the Restatement to support its argument is also unavailing. Section 931 provides that:

> "If one is entitled to a judgment for the detention of, or for preventing the use of, land or chattels, the damages include compensation for (a) the value of the use during the period of detention or prevention or the value of the use of or the amount paid for a substitute, and (b) harm to the subject matter or other harm of which the detention is the legal cause." Restatement (Second) Torts § 931 at 551-52.

Importantly, illustration 1 to comment b. of § 931 offers the following scenario: "A takes possession of and detains for six months B's land, which has a rental value for the period of $1000. B is entitled to receive this amount as damages although he never had used and would not have used the land during the period." The plaintiff's insistence that the Restatement supports its position disregards the fact that, in the illustration provided, "A [took] possession of and detain[ed] * * * [the] land." See id. § 931 cmt. b, illus. 1 at 552. Here, the alleged negligent acts relate to the pipes freezing and bursting; plaintiff did not allege that defendants wrongfully took possession of the Newstone units.

Similarly, the case law from other jurisdictions cited by plaintiff is inapplicable to the facts in this case. For example, several cases involve a cause of action for replevin where the plaintiffs were allowed to recover loss-of-use damages for the time their chattel was wrongfully detained, without having to prove any intention of actually using the chattel during that period. See, e.g., Ben Lomond, Inc. v. Campbell, 691 P.2d 1042, 1044, 1045, 1046 (Alaska 1984) (loss-of-use damages awarded to an owner of a generator after the defendant wrongfully took

possession of the generator, in the absence of evidence that the owner would have used the generator during the period of detention); see also Nichols v. Martin, 589 P.2d 451, 453 (Ariz. Ct. App. 1978) (the plaintiff recovered damages for loss of use of an aircraft equal to value of leasing the aircraft during the period of wrongful detention irrespective of what the plaintiff actually expended to replace her loss of use of the aircraft).  While damages for loss of use of a chattel may be proper in a replevin action, again, plaintiff does not allege that defendants wrongfully possessed the Newstone units. See Rule 64 of the Superior Court Rules of Civil Procedure; see also Gem Plumbing & Heating Co. v. Rossi, 867 A.2d 796, 806 n.14 (R.I. 2005) (replevin is an "action for the repossession of personal property wrongfully taken or detained by the defendant") (quoting Black's Law Dictionary 1325 (8th ed. 1999)).

The plaintiff's reliance on cases involving allegations of wrongful occupation is similarly flawed. See, e.g., Don v. Trojan Construction Co., 178 Cal. App. 2d 135, 136, 137-38 (Cal. Dist. Ct. App. 1960) (the defendant who stored dirt on property owned by the plaintiff without consent was responsible for the fair rental value of the property for the entire period of the wrongful occupation despite the plaintiff's not otherwise intending to rent the property); see also Robert v. Scarlata, 899 A.2d 666, 669 (Conn. App. Ct. 2006).  Notably, torts such as trespass are intentional and do not require a plaintiff to have sustained an actual loss—instead, the invasion of one's property alone gives rise to the cause of action. See Bennett v. Napolitano, 746 A.2d 138, 141 (R.I. 2000) ("A trespasser is '[o]ne who intentionally and without consent or privilege enters another's property.'") (quoting Ferreira v. Strack, 652 A.2d 965, 969 (R.I. 1995)).

It is our opinion that plaintiff was indeed required to allege and put forth competent evidence that it in fact suffered an actual injury when faced with a summary judgment motion. See Nationwide Property & Casualty Insurance Co., 59 A.3d at 110.  Instead, however, plaintiff

conceded that the Newstone units were being marketed for sale at the time of the incident and that the units had not lost value when they were ultimately sold. Additionally, plaintiff presented no evidence that, but for the damage caused by the burst pipe, it would have rented the Newstone units during the time they were being repaired. To the contrary, plaintiff acknowledged that the Newstone units were not being offered as rentals at the time that they were damaged.

Under these circumstances—where the plaintiff did not allege encroachment, wrongful possession, wrongful detention, or trespass, and where the plaintiff conceded that it did not incur any economic loss—our law does not permit recovery for loss of use. To allow recovery in this case would grant the plaintiff a windfall by placing it in a better position than it was in prior to the alleged negligent act, something this Court declines to do. See Morabit v. Hoag, 80 A.3d 1, 18 (R.I. 2013) ("The overall goal is to place the injured landowner as near as possible to his or her pre-injury position, not to grant the landowner a windfall."). Consequently, the plaintiff's concessions that it had not incurred any economic loss as a result of the defendants' negligent conduct, coupled with its failure to raise any claims that would allow recovery despite an absence of an economic loss, renders summary judgment in the defendants' favor appropriate.[5]

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned to the Superior Court.

---

[5] The defendants' assertion that plaintiff's loss-of-use argument is waived because it raised such claim for the first time in its motion to reconsider has not been entertained by this Court, because any waiver would relate to claims solely against East Pacific and the Rabinowitzes, not construction defendants. The plaintiff properly raised the loss-of-use argument in its objection to construction defendants' motion for summary judgment.

- 10 -



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    Newstone Development, LLC v. East Pacific, LLC et al.

**CASE NO:**    No. 2014-240-Appeal.
(NC 11-266)

**COURT:**    Supreme Court

**DATE OPINION FILED:**    June 24, 2016

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**    Newport County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Bennett R. Gallo

**ATTORNEYS ON APPEAL:**

For Plaintiff:    Michael T. Eskey, Esq.
Stephen A. Izzi, Esq.

For Defendants:    Donald J. Maroney, Esq.
Paul T. Sullivan, *Pro Hac Vice*
Warren D. Hutchison, Esq.
Michael Daly, Esq.