June 21, 2018

**Supreme Court**

No. 2016-91-Appeal.

(KC 13-1090)

Peter E. Ucci et al.                    :

                    v.                    :

Town of Coventry.                    :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Peter E. Ucci et al.                  :

v.                                    :

Town of Coventry.                     :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  This case arises out of a dispute concerning a very small piece of real property in the Town of Coventry (the Town), which property the Town contended had been dedicated to the Town (as a public street) in 1946.  The Town appeals from a February 4, 2016 declaratory judgment of the Superior Court entered following the grant of summary judgment in favor of the plaintiffs, Peter E. Ucci and John S. Ucci.  The hearing justice's grant of the plaintiffs' motion for summary judgment was predicated on his determination that, even if he assumed for the sake of deciding that there had been a dedication, "[t]here [was still] nothing to support the position [of the Town] that this dedication was accepted either by public use or by official action."  On appeal, the Town contends that the hearing justice erred in so ruling. The Town further contends that the hearing justice erred by not dismissing plaintiffs' action due to their alleged failure to join indispensable parties.

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After reviewing the record and considering the written and oral submissions

- 1 -

of the parties, we are satisfied that cause has not been shown and that this appeal may be decided at this time.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

The small piece of property at issue is roughly sketched on a recorded plat entitled "PLAN SHOWING LOTS 1, 2, 3 + 4 ON THE UCCI PLAT, OWNED BY ELVIRO and FILOMENA UCCI, Ray C. Matteson Eng'r, September 1946" (the 1946 Plat); it is a strip of land thirty-feet wide, one hundred ninety-three feet long on one side, and two hundred ten feet long on the other side. The strip is bordered on its southern side by plaintiffs' property (designated as Lot 3 on the 1946 Plat), on its eastern side by Benoit Street, on its western side by a body of water called "Middle Pond," and on its northern side by a parcel of land designated as Lot 4. It is undisputed that the 1946 Plat does not, on its face, indicate the purpose of the disputed strip of land. It is further undisputed that the owner of Lot 4 is not a party to this case.

On October 9, 2013, plaintiffs filed a complaint against the Town in Superior Court, seeking a declaratory judgment[1] to the effect that they were the owners in fee simple of the disputed strip of land. (The plaintiffs alleged in their Complaint that the Town had "designated the area in question as Tax Assessor's Map 62 Lot 85.4 and [had] taxed the same to the Plaintiff[s]," which allegation the Town denied in its answer.) On November 24, 2015, the Town moved for summary judgment, arguing that plaintiffs did not own the disputed strip of land because, according to the Town, said strip of land was dedicated as a public way because it

---

[1] The Uniform Declaratory Judgments Act, G.L. 1956 chapter 30 of title 9, "vests the Superior Court with the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." *N & M Properties, LLC v. Town of West Warwick ex rel. Moore*, 964 A.2d 1141, 1144 (R.I. 2009) (internal quotation marks omitted).

appears on the 1946 Plat, which had been recorded, and because lots were sold with reference to that plat.

The plaintiffs filed an objection to the Town's motion for summary judgment as well as a cross-motion for summary judgment. In their memorandum of law, plaintiffs argued that, in order for private property to become a public street by way of dedication, there must be "a manifest intent by the land owner to dedicate the land in question called an incipient dedication or offer to dedicate" as well as "an acceptance by the public either by public use or by official action to accept the same on behalf of the municipality." The plaintiffs argued that, even if the original owners of the 1946 Plat had offered to dedicate the strip of land at issue, the Town had never accepted that purported offer of dedication, either by public use or by official action and that, therefore, one of the mandatory requirements for there to be a dedication had not been satisfied.

On January 11, 2016, a justice of the Superior Court conducted a hearing on the cross-motions for summary judgment. At that hearing, the Town expressly conceded on the record that there had been no acceptance of the purported offer of dedication, either by public use or by official action. In light of that concession and after observing that "the standard for dedication requires both dedication and acceptance," the hearing justice concluded that there was no genuine issue of material fact with respect to the Town's not having accepted the purported offer of dedication. Accordingly, on January 19, 2016, he granted summary judgment in favor of plaintiffs. Judgment entered on February 4, 2016. The Town timely appealed from that judgment.

## II

## Standard of Review

"This Court will review the grant of a motion for summary judgment *de novo*, employing the same standards and rules used by the hearing justice." *Newstone Development, LLC v. East Pacific, LLC*, 140 A.3d 100, 103 (R.I. 2016) (internal quotation marks omitted). We will affirm a trial court's decision granting summary judgment "only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). We have further stated that "the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Id.* (internal quotation marks omitted). And it is a basic principle that "summary judgment should enter against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *." *Id.* (internal quotation marks omitted).

## III

## The Indispensable Parties Contention

The Town contends that, because plaintiffs brought this action under the Declaratory Judgments Act, G.L. 1956 chapter 30 of title 9, their failure to join the abutting landowners as "indispensable parties" was fatal to their claims. *See* § 9-30-11. The Town avers that the hearing justice erred when he did not dismiss the case pursuant to Rule 12(b)(7) of the Superior Court Rules of Civil Procedure. In view of the Town's failure to have preserved this issue, we do not consider it necessary to address this contention.

While the Town, in the fifth of the eight affirmative defenses contained in its answer filed on November 18, 2013, did allude to plaintiffs' alleged failure "to join an indispensable party," at no time thereafter did it seek to flesh out the meaning of that terse sentence, which is worded in the singular and does not identify in any way who it was that the Town believed should be joined. In addition, the Town never brought the indispensable party issue to the attention of the trial court except in a single sentence uttered at the very end of the summary judgment hearing on January 11, 2016. In our view, the indispensable parties defense has not been adequately preserved for appellate review.[2]

## IV

## Analysis

This Court recently issued an opinion involving the issue of dedication of property to the public, wherein we summarized several of the basic principles that are pertinent to the instant case. *Kilmartin v. Barbuto*, 158 A.3d 735 (R.I. 2017), as amended (May 3, 2017). In that case, we recognized that "[i]t is well-settled that the dedication of property to the public is an exceptional and unusual method by which a landowner passes to another an interest in his [or her] property." *Barbuto*, 158 A.3d at 747 (internal quotation marks omitted). The *Barbuto* opinion went on to state in no uncertain terms that there are *two* requirements for there to be a valid dedication of property to the public:

> "A valid dedication requires: (1) a manifest intent by the landowner to dedicate the land in question, called an incipient dedication or offer to dedicate; *and* (2) an acceptance by the public either by public use or by official action to accept the same on

---

[2]  *Cf. Direct Action for Rights and Equality v. Gannon*, 713 A.2d 218, 222 (R.I. 1998) (holding that an objection as to the plaintiff's standing was waived when that issue "was never raised before the trial justice").

behalf of the municipality." *Id.* (emphasis added) (internal quotation marks omitted).

This Court will not recognize a public dedication of private land absent clear and convincing evidence that the municipality accepted the purported dedication. As we said in *Barbuto*, "a proponent must prove the second element of incipient dedication, public acceptance of the offer of dedication, by clear and convincing evidence." *Id.* at 747 n.20 (internal quotation marks omitted). If the proponent of dedication is unable to establish *both* incipient dedication *and* acceptance, then, as a matter of law, there has been no dedication of private land for public use. *See Donnelly v. Cowsill*, 716 A.2d 742, 747 (R.I. 1998) (stating that, in situations such as the one presented to us in the instant case, the party advocating for the existence of a dedication bears the burden of "demonstrat[ing] that the land was dedicated by its owner as a street or a road *and* that the public has accepted the dedication") (emphasis added).

On appeal, the Town argues that the hearing justice erred when he granted summary judgment in favor of plaintiffs based on his determination that the Town never accepted the offer of dedication because, in the Town's view, the hearing justice's decision "ignor[ed] the irrevocability" of the dedication.

### A

### There Has Been No Acceptance

As we have previously noted, "this Court's inquiry is not predicated solely upon ascertaining of an owner's intent to dedicate—it is [also] necessary to prove acceptance of the road by the public in order to establish its dedication." *Drescher v. Johannessen*, 45 A.3d 1218, 1230-31 (R.I. 2012); *see also Newport Realty, Inc. v. Lynch*, 878 A.2d 1021, 1034-35 (R.I. 2005). And we have explained that "acceptance by the public * * * is accomplished in one of two ways: acceptance of the street[] by official action or [by] public user." *Newport Realty, Inc.*,

- 6 -

878 A.2d at 1033. It will also be recalled that "a proponent must prove the second element of incipient dedication, public acceptance of the offer of dedication, by clear and convincing evidence." *Barbuto*, 158 A.3d at 747 n.20 (internal quotation marks omitted).

Our judicial task is greatly simplified (as was that of the hearing justice) by the fact that counsel for the Town, with laudable candor, expressly conceded at the hearing on the cross-motions for summary judgment that, regardless of whether or not the original owners in 1946 had actually expressed a "manifest intent" to dedicate the disputed strip of land, the offer of dedication was never accepted by the Town. *Id.* at 747. A significant colloquy between the hearing justice and counsel for the Town proceeded as follows:

> "THE COURT: * * * But, the second step for dedication is acceptance. You would agree with me?
>
> "[COUNSEL FOR THE TOWN]: Yes, your Honor. We do agree that we have no acceptance by public use. This is -- it's a very small strip of road. * * *
>
> "THE COURT: Well, there are two methods to demonstrate acceptance.
>
> "[COUNSEL FOR THE TOWN]: Yes.
>
> "THE COURT: One, as you mentioned, public use, and the other, the official action. There is nothing to support the position that this dedication was accepted either by public use or by official action.
>
> "[COUNSEL FOR THE TOWN]: Yes. I did search the minutes and I didn't find anything within, I believe, five years is what I searched."

It is clear from this colloquy that the Town explicitly conceded that there had been no acceptance, by either public use or official action, of the purported offer of dedication of the strip of land. As such, the hearing justice did not err in concluding that there was no genuine dispute of material fact as to that issue and in granting summary judgment for the plaintiffs on that basis.

# B

## The Irrevocability Argument

Undaunted by the conceded lack of acceptance, the Town goes on to argue that the hearing justice "ignor[ed] the irrevocability of [the] dedication" in the instant case despite the fact that, according to the Town, "the irrevocability of dedication is firmly part of our state's jurisprudence;" and, further, as the Town argued below, because the dedication was irrevocable, the Town "can formally accept the dedication at any time." To support its position, the Town relies primarily on a phrase that is included in the following passage from this Court's opinion in the case of *Day v. Edmondson*, 68 R.I. 382, 389, 27 A.2d 904, 907 (1942):

> "When * * * the original owner[] duly recorded the central plat and conveyed lot 48 by specific reference to that plat and to that lot as abutting on North avenue, which appeared as a platted street thereon, she made an offer of dedication. *In those circumstances* such offer or tender of dedication was irrevocable, so far as the grantor alone was concerned; and it could not be rescinded or revoked by her without the consent of the owners of all lots abutting on North avenue." (Emphasis added.)

We are unpersuaded by the Town's argument about the irrevocability of a dedication.

This Court's decision in *Day* is readily distinguishable from the instant case. In the *Day* case, it was undisputed that "[w]hen Lydia C. Nichols, the original owner, duly recorded the central plat and conveyed lot 48 by specific reference to that plat and to that lot as abutting on North avenue, which appeared as a platted street thereon, she made an offer of dedication." *Id.* In light of those undisputed and very clear facts, the Court in *Day* went on to say: "*In those circumstances* such offer or tender of dedication was irrevocable, so far as the grantor alone was concerned * * *." *Id.* (emphasis added). In stark contrast, the instant case is completely lacking in such absence of dispute. The facts in this case are unlike the situation in *Day* because the issue of incipient dedication has from the commencement of this litigation been hotly contested.

- 8 -

For that reason, we do not believe that the instant case is in any way controlled by the "irrevocable" language in *Day*, which the Court in that case tied to the specific factual context before it.

We reject the notion that a municipality may hold in abeyance forever its right to accept an offer of dedication. Rather, we are of the opinion that such an offer must be accepted within a reasonable period of time. And the plain, blunt fact is that, even assuming *arguendo* that there was an incipient dedication, the Town conceded before the hearing justice that it had not accepted the purported dedication.

It is noteworthy that other jurisdictions have also concluded that, for a dedication to be consummated, an offer of dedication must be accepted within a reasonable time. *See, e.g.*, *Katz v. Town of West Hartford*, 469 A.2d 410, 413 (Conn. 1983) ("[T]o be effectual an acceptance must occur within a reasonable period of time after the intent to dedicate the property has been manifested."); *City of Venice v. Madison County Ferry Co.*, 75 N.E. 105, 107 (Ill. 1905); *Baker v. Petrin*, 95 A.2d 806, 810 (Me. 1953) ("If there was an intention to dedicate it must be accepted in a reasonable time."). We are especially impressed by the lapidary language used in an opinion of the Supreme Court of Michigan issued well over a century ago: "A dedication must be accepted within a reasonable time or the offer will be considered as withdrawn." *Cass County v. Banks*, 7 N.W. 49, 53 (Mich. 1880) (quoted with approval in *2000 Baum Family Trust v. Babel*, 793 N.W.2d 633, 642 (Mich. 2010)).

In the instant case, the record makes it clear beyond peradventure that the Town did not accept the purported offer of dedication of the disputed strip of land within a reasonable period of time because it has conceded that it has *never* acted to accept the purported offer of dedication, either by public use or through official action. *See Newport Realty, Inc.*, 878 A.2d at

1033. We are of the opinion that the passage of *sixty-seven years* from the alleged offer of dedication in 1946 until the commencement of the instant litigation in 2013 certainly cannot be said to constitute a reasonable period of time. *See Northern Trust Co. v. Zoning Board of Review of Town of Westerly*, 899 A.2d 517, 520 (R.I. 2006) (mem.) (noting "the egregious nature of the delay" on the part of the plaintiffs who were challenging the legality of a subdivision). Accordingly, even assuming *arguendo* that those who recorded the 1946 Plat intended to offer to dedicate to public use the small strip of land at issue in this case, we are firmly of the opinion that there was no completed dedication of that parcel because the Town failed to accept the purported offer of dedication within a reasonable period of time and thereby forfeited its right to accept that purported offer.[3]

Accordingly, we are of the opinion that the hearing justice did not err in issuing his declaratory judgment in the plaintiffs' favor after having granted the plaintiffs' motion for summary judgment.

## V

### Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record in this case may be remanded to that tribunal.

---

[3] Our decision in this case constitutes no precedent as to the rights that interested parties other than the Town may have with respect to the strip of land at issue.

- 10 -

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Peter F. Ucci et al. v. Town of Coventry. |
| **Case Number** | No. 2016-91-Appeal. (KC 13-1090) |
| **Date Opinion Filed** | June 21, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice William P. Robinson |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Allen P. Rubine |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Thomas J. Cronin, Esq.<br>Peter D. Nolan, Esq. |
| | For Defendant:<br><br>Nicholas Gorham, Esq.<br>Sarah F. Malley, Esq. |