June 19, 2019

**Supreme Court**

No. 2018-51-Appeal.
(PC 15-3044)

Rhode Island American Federation of      :
  Teachers/Retired Local 8037 et al.

            v.                  :

Johnston School Committee et al.      :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at (401) 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Rhode Island American Federation of    :
  Teachers/Retired Local 8037 et al.

            v.    :

Johnston School Committee et al.    :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on March 28, 2019, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The defendants, the Town of Johnston, the Johnston School Department, the Johnston School Committee, and various municipal officials (collectively the town), appeal from the entry of summary judgment in favor of the plaintiffs, the Rhode Island American Federation of Teachers/Retired Local 8307 and several retirees of the Johnston School Department (collectively the association),[1] in this dispute about the cost of annual premiums for post-retirement life insurance benefits.  After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are satisfied that cause has not been shown, and proceed to decide this appeal.  For the reasons set forth herein, we affirm the judgment of the Superior Court.

---

[1] The Rhode Island American Federation of Teachers/Retired Local 8037 is an association of retired Rhode Island public school teachers representing the interests of retired teachers, which in this case includes retired teachers from the Johnston School Department.  The individual plaintiffs in this case are former teachers who retired from the Johnston School Department on or after January 1, 2011, and are members of the association.

**Facts and Travel**

The material facts in this case are not in dispute. This appeal concerns the annual cost of a life insurance policy made available to retired teachers in Johnston, Rhode Island, pursuant to G.L. 1956 § 16-16-42. According to a collective-bargaining agreement governing Johnston's active schoolteachers' terms of employment, the town provided life insurance in the amount of $45,000. The town paid the insurance premium for actively employed teachers; however, when a teacher retired, the insurance policy would remain in effect on the condition that the retired teacher assumed responsibility for paying the premium.

For many years, the annual cost of life insurance for a retired teacher was the annual cost in effect at the time of the teacher's retirement.[2] In late 2010, the town changed its insurance carrier to Minnesota Life Insurance Company (Minnesota Life) and selected a policy that reduced the premium rate for active teachers and increased the rate for retired teachers.[3] As a result, teachers who retired on or after January 1, 2011, were required to pay a higher premium. In August 2013, the town entered into a subsequent policy agreement with Minnesota Life that significantly increased the annual rate for retired teachers.[4]

In response, the association filed this action in Superior Court, seeking a declaratory judgment that, in accordance with § 16-16-42, the town is statutorily "required to provide the life insurance policy at an annual cost that was in effect on the last day of [a teacher's]

---

[2] Until July 2010, the cost of the life insurance policy for both active and retired teachers was 45 cents per $1,000.

[3] Under the new policy, for the period of January 1, 2011, through June 30, 2013, the active teachers' rate was reduced to 10.4 cents per $1,000, and the retired teachers' rate was increased to $1.05 per $1,000.

[4] Effective September 1, 2013, through August 31, 2016, the active teachers' rate was 13 cents per $1,000, and the retired teachers' rate was increased to $1.90 per $1,000.

employment[.]⁵  The association subsequently moved for summary judgment, arguing that § 16-16-42 prohibits the town from assessing increased life insurance rates for teachers upon retirement because the plain language of the statute requires the town to provide life insurance to retired teachers at the same annual cost it paid before the teacher retired.  The town filed an objection, along with a cross-motion for summary judgment, countering that § 16-16-42 is clear and unambiguous; and, pursuant to the statute's plain and ordinary meaning, the town argued, it is required to furnish the retiree with "the option of retaining the life insurance policy at 'an amount equal to the annual cost of the policy for the individual at the time of the individual's retirement.'"  The town further asserted that, by "provid[ing] the retirees with the option of continuing the insurance coverage at the rate in effect at the retirees' retirements," it has complied with the requirements set forth in § 16-16-42.

The Superior Court justice heard arguments on both motions and issued a written decision in which she determined that § 16-16-42 is clear and unambiguous; she held that, "pursuant to the clear statutory mandates, the [t]own is required to provide retirees the option of maintaining the life insurance policy that was in effect at the time of their retirement at the same annual cost each retiree paid before his or her retirement."  The trial justice explicated that "[a]s there is no other annual cost, the only plausible meaning is that the Legislature intended the retiree to be substituted as the payor on the already established plan at the rate paid by the [t]own."  Accordingly, the hearing justice granted the association's motion for summary

---

⁵ In its first amended complaint, the association asked for a declaratory judgment (count I) that, pursuant to G.L. 1956 § 16-16-42, the town is required to provide the life insurance policy at an annual cost that was in effect on the last day of a teacher's employment.  The association also asserted a breach-of-contract claim against the town (count II), requesting damages for the difference between the cost of the insurance at the time of retirement and the increased cost of the insurance under the Minnesota Life agreement.  The parties subsequently agreed to limit the scope of their motions for summary judgment to count I.

judgment and declared that the town was "required to provide life insurance to each retiree at the same annual cost that was in effect on the last day of his or her employment." The town timely appealed.

## Standard of Review

This Court "reviews a ruling on a motion for summary judgment *de novo*." *Epic Enterprises LLC v. Bard Group, LLC*, 186 A.3d 587, 589 (R.I. 2018) (brackets omitted) (quoting *Pimentel v. Deutsche Bank National Trust Company*, 174 A.3d 740, 743 (R.I. 2017)). "We will affirm a trial court's summary judgment decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Id.* (brackets omitted) (quoting *Newstone Development, LLC v. East Pacific, LLC*, 140 A.3d 100, 103 (R.I. 2016)). Moreover, "[a] matter that hinges on statutory interpretation is ripe for summary judgment." *Id.* "[W]hen reviewing the applicability of a statute, this Court interprets the statute *de novo*." *Id.*

## Analysis

On appeal, the town contends that the Superior Court erred in granting the association's motion for summary judgment and denying its cross-motion for summary judgment because, according to the town, the trial justice incorrectly interpreted § 16-16-42. We are thereby confronted with a question of pure statutory interpretation—that being § 16-16-42.

The disputed statute on appeal, § 16-16-42, entitled "Life insurance benefits," provides:

> "Notwithstanding any other provision of law to the contrary, any member who, at the time of retirement from service, has in effect life insurance provided for as a benefit of his or her employment shall, after retirement, be entitled to keep the policy of life insurance in effect by paying to the city or town an amount equal to the annual cost of the policy for the individual at the time of the

individual's retirement. The policy of insurance shall remain in effect for so long as the member continues to make annual payments."

Before this Court, both parties assert that § 16-16-42 is clear and unambiguous; however, each party posits a different interpretation. The town asserts that a plain and ordinary reading of the phrases "at the time of retirement from service" and "at the time of the individual's retirement" makes clear that the Legislature intended to provide retirees "with the opportunity to continue their life insurance policy at the time period after they have permanently" separated from service. The town also points out that the statute does not read "on their last day of active employment" and, therefore, according to its plain meaning, the cost of life insurance for retired teachers must be that which is "in effect at the beginning of the retiree's retirement[,]" i.e., the rate set for retirees, not the premium before the teacher retires.

Alternatively, the association asserts that § 16-16-42 unambiguously requires the town to provide retirees with the option of maintaining the insurance policy that was in effect at their retirement at the same annual cost that each retiree paid before retirement. According to the association, the phrase "at the time of retirement" refers to the day the teacher separates from employment; whereas the phrase "after retirement" refers to when the teacher has retired. The association contends that a teacher is entitled to the same policy at the same annual cost as when he or she was employed, and not a different retirement rate.

"It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Alessi v. Bowen Court Condominium*, 44 A.3d 736, 740 (R.I. 2012) (quoting *Waterman v. Caprio*, 983 A.2d 841, 844 (R.I. 2009)). Moreover, "[i]n matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Webster v. Perrotta*, 774 A.2d 68, 75 (R.I. 2001). "The Legislature is presumed to

have intended each word or provision of a statute to express a significant meaning, and the Court will give effect to every word, clause, or sentence, whenever possible." *State v. Clark*, 974 A.2d 558, 571 (R.I. 2009) (brackets omitted) (quoting *State v. Bryant*, 670 A.2d 776, 779 (R.I. 1996)).

After employing this well-established statutory analysis, we are satisfied that the statute carries no ambiguity, and therefore we construe the language of this statute in accordance with its plain and ordinary meaning. We remain mindful that this Court presumes that every word of a statute has significance; and, thus, whenever possible, we will give effect to each word and phrase contained therein. After a review of the language of § 16-16-42, we are satisfied that Johnston's teachers are entitled to retain the insurance coverage in effect at the time of retirement by paying the same annual cost that the retiree paid before retirement, as an active employee. There is no separate retiree rate anticipated by this enactment.

By incorporating the phrases "at the time of retirement" and "after retirement," the Legislature clearly assigned independent significance to each phrase. We are of the opinion that "at the time of retirement" signifies the day of or the day before a teacher retires from active employment. Accordingly, we are satisfied that a proper interpretation of the statute provides that, any teacher "who, at the time of retirement from service [or last day of active employment], has in effect life insurance provided for as a benefit of his or her employment shall, after retirement, be entitled to keep the policy of life insurance in effect by paying to the city or town an amount equal to the annual cost of the policy for the individual at the time of the individual's retirement [or last day of active employment]." Accordingly, we affirm the decision of the Superior Court justice.

**Conclusion**

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court granting the association's motion for summary judgment. The record shall be remanded to the Superior Court.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Rhode Island American Federation of Teachers/Retired Local 8037 et al. v. Johnston School Committee et al. |
| **Case Number** | No. 2018-51-Appeal. (PC 15-3044) |
| **Date Opinion Filed** | June 19, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Carly Beauvais Iafrate, Esq. |
| | For Defendants:<br><br>William J. Conley, Jr., Esq.<br>Deidre E. Carreno, Esq. |

SU-CMS-02A (revised June 2016)