**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000641
26-JAN-2026
07:53 AM
Dkt. 63 SO**

NO. CAAP-23-0000641

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DANIEL IBBETSON, Trustee of the Daniel Ibbetson Trust,
Plaintiff/Counterclaim Defendant-Appellee, v.
DEAN KAIAWE, Defendant/Counterclaimant/
Third-Party Plaintiff-Appellant, v.
HAWAII CONFERENCE FOUNDATION, a Hawai'i nonprofit
corporation, and DEPARTMENT OF PUBLIC WORKS,
COUNTY OF HAWAI'I, a municipal corporation,
Third-Party Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC06100015K)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Hiraoka and Guidry, JJ.)

Dean **Kaiawe** appeals from the ***Final Judgment*** for Daniel **Ibbetson** entered by the Circuit Court of the Third Circuit on June 23, 2023.[1]  We affirm.

This case involves real **Property** in South Kona on the island of Hawai'i.  It contains two grave sites, each enclosed by stone walls.  Ibbetson v. Kaiawe, 143 Hawai'i 1, 4, 422 P.3d 1, 4 (2018) (**Ibbetson I**).  It was owned by Kaiawe's great-grandmother, **Mikala** Kaiawe.  Mikala conveyed the Property to Hawaiian Evangelical Association (**HEA**) in 1915.  Id.  HEA (then known as Hawaii Conference of the United Church of Christ) conveyed the

---

[1]     The Honorable Robert D.S. Kim presided.

Property to Hawaii Conference Foundation in 1983. <u>Id.</u> Hawaii Conference Foundation conveyed the Property to Ibbetson in 2003. <u>Id.</u> at 4-5, 422 P.3d at 4-5. Ibbetson built a three-bedroom, three-bathroom single-family residence, with an in-ground swimming pool, on the Property. <u>Id.</u> at 5, 422 P.3d at 5.

Ibbetson sued Kaiawe in 2006. He alleged that Kaiawe trespassed on the Property and destroyed vegetation in the grave sites. Kaiawe counterclaimed for a declaration of the parties' respective rights and obligations, and to quiet title to the Property.[2] The trial court granted summary judgment for Ibbetson against Kaiawe. Kaiawe appealed. We affirmed. <u>Ibbetson v. Kaiawe</u>, No. CAAP-14-0001352, 2017 WL 4957438 (Haw. App. Oct. 31, 2017) (mem. op.), <u>aff'd in part, vacated in part</u>, 143 Hawaiʻi 1, 422 P.3d 1 (2018).

In <u>Ibbetson I</u>, the supreme court held that Kaiawe was not entitled to quiet title to the Property, and that the Property had not been statutorily dedicated to cemetery use, 143 Hawaiʻi at 16-17, 422 P.3d at 16-17, but held "there is a genuine issue of material fact as to whether the Property was used by the public as a cemetery for a prolonged period of time, and therefore, *whether the Property was dedicated for public use under common law*." <u>Id</u>. at 15, 422 P.3d at 15 (emphasis added).

On remand, the Circuit Court conducted the mandated trial on whether the Property was dedicated for public use under common law. After a jury-waived trial, the court entered findings of fact (**FOFs**), conclusions of law (**COLs**), an **Order** granting equitable relief, and the Final Judgment. Kaiawe moved to amend the Order and the Final Judgment. The motion was denied. This appeal followed.

Kaiawe contends the trial court erred by **(1)** denying him a jury trial; **(2)** disregarding the language in the deeds and the trial evidence; **(3)** concluding that Kaiawe did not meet his

---

[2]     Kaiawe also filed a third-party complaint and amended third-party complaint, both of which were dismissed by stipulated judgment.

burden of proof; **(4)** concluding that Kaiawe could not drive his car on an easement; and **(5)** concluding that Ibbetson was the prevailing party.

Kaiawe does not challenge the trial court's FOFs. We review COLs de novo under the *right/wrong* standard. <u>Est. of Klink ex rel. Klink v. State</u>, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007). A mixed FOF and COL is reviewed under the *clearly erroneous* standard because it depends on the facts and circumstances of the case. <u>Id.</u> A mixed finding and conclusion supported by substantial evidence and correctly applying the law will not be overturned. <u>Id.</u>

**(1)** Kaiawe argues he was entitled to a jury trial. Ibbetson did not demand a jury trial. Kaiawe's answer, counterclaim, third-party complaint, and amended third-party complaint contained no demand for a jury trial. Kaiawe waived his right to a jury trial. Hawaiʻi Rules of Civil Procedure Rule 38(d).

On the remand, Kaiawe nevertheless moved "to determine availability of a jury trial." The trial court entered an order and amended order setting a jury-waived trial. The federal and Hawaiʻi constitutions preserve the right to jury trial for common law actions, but not for "suits of an equitable nature." <u>Porter v. Hu</u>, 116 Hawaiʻi 42, 57, 169 P.3d 994, 1009 (App. 2007). "[T]he nature of the issues and the remedy sought determines whether a jury trial is warranted." <u>Id.</u>

"A common law dedication does not operate as a grant [of title] but as an equitable estoppel, whereby the owner is estopped to deny permanent public access because the owner has admitted the public to use the land over a long time." <u>Gold Coast Neighborhood Ass'n v. State</u>, 140 Hawaiʻi 437, 450, 403 P.3d 214, 227 (2017) (cleaned up). Kaiawe thus sought equitable relief. He was not entitled to a jury trial.

**(2)** Kaiawe argues "the evidence shows that a dedication [to public use] had occurred based on both deeds and conduct."

Kaiawe challenges COL nos. 10, 11, and 14:

> 10.  Mikala Kaiawe's February 1915 deed to the HEA does not clearly evince whether Mikala Kaiawe intended to dedicate the Property to the public for a cemetery; nor does the HEA's subsequent 1983 deed to the Hawaii Conference Foundation clearly evince such an intent.

> 11.  With respect to the issue whether a public or private cemetery was envisioned, the Hawaii Supreme Court found the *habendum* clauses within the 1915 Deed and 1983 Deed, referring to whether Mikala Kaiawe intended to dedicate the Property for public use, to be "ambiguous, at most."

> . . . .

> 14.  The recitations of cemetery use in Mikala's Deed and subsequent Deeds, alone, cannot form a basis for express dedication for public use as they are ambiguous, at most. Ibbetson, 143 Haw. at 14.

The supreme court concluded that "the habendum clauses in the 1915 Deed and 1983 Deed are ambiguous at most, and do not clearly evince whether Mikala intended to dedicate the Property as a public or private cemetery." Ibbetson I, 143 Hawaiʻi at 13, 422 P.3d at 13.  COL nos. 10, 11, and 14 were not wrong.

As to conduct, "the duration and type of public use of a property can raise both the presumption of the owner's intent (or offer) to dedicate land to public use, as well as constitute acceptance by the public[.]"  Ibbetson I, 143 Hawaiʻi at 14, 422 P.3d at 14 (cleaned up).  The supreme court vacated the summary judgment on common-law dedication because evidence from pastor Nancietta **Haʻalilio**, viewed in the light most favorable to Kaiawe, created "a genuine issue of material fact as to whether the Property was used by the public as a cemetery for a prolonged period of time, and therefore, whether the Property was dedicated for public use under common law."  Id. at 15, 422 P.3d at 15.

4

Both sides cite to Ha'alilio's trial testimony to support their respective positions on common-law dedication. "It is well-settled that an appellate court will not pass upon issues dependent upon . . . the weight of evidence; this is the province of the trier of fact." Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006). Ha'alilio's testimony supported the trial court's mixed finding and conclusion that there was no common-law dedication of Ibbetson's Property to use as a public cemetery.

Kaiawe does not challenge FOF no. 11:

> 11. Except for the headstones found in Grave Site "A" on the Property, there are no known written records of (a) the Property's use as a cemetery, (b) the identity of the individuals who are buried on the Property, (c) the protocols and procedures that were used to manage the Property and its use as a cemetery or (d) the identity of the persons who actually managed the Property as a cemetery.

Kaiawe challenges COL nos. 12 and 13, which are actually findings of fact:

> 12. There is no proof that an owner (i.e., an entity of the United Church of Christ) of the land ever consented to the dedication of the property or acted in such a manner as to imply dedication.

> 13. There is no proof that the property was used as a graveyard/cemetery beyond the confines of Grave Sites "A" and "B".

Kaiawe cites no evidence in the record contradicting COL nos. 12 or 13. They were not clearly erroneous.

**(3)** Kaiawe argues he met his burden of proof. He challenges COL nos. 7 and 8:

> 7. Defendant has the burden of demonstrating by clear and convincing evidence that that property was dedicated as a public cemetery and which portions of the property were so dedicated. Winnie Dev. LLLP v. Reveling, 2018 ND 47, ¶12 [sic, should be ¶11], 907 N.W.2d 413[, 417] (emphasis added); see also Ucci v. Town of Coventry, 186 A.3d 1068, 1071 (R.I. 2018) ("This Court will not recognize a public dedication of private land absent clear and convincing evidence....").

> 8. Defendant failed to meet its burden.

5

Kaiawe's opening brief concedes that "[t]he proof standard is clear and convincing evidence."  COL no. 8 is actually a mixed finding and conclusion.  As we stated in the previous section, we will not review a trial court's weighing of the evidence.  COL no. 8 was not clearly erroneous.

**(4)**  Kaiawe argues the trial court erred by concluding he could not drive his car on an easement providing access to the grave sites.

After taking evidence, the trial court noted that equitable relief was at issue and asked the parties, "if you were to prevail what would you be asking the Court to do?"

Ibbetson submitted a proposed equitable solution:

> Visitations and maintenance would be allowed for family members of those interred in Sites A and B over the easement and limited right of entry. . . . Visitations for Site B would be under the same rules as those for Site A, i.e., during daylight hours.  Parking would have to be off-site.  However, truck access will be allowed for the limited purpose of loading cuttings and clean-up material.

Kaiawe challenges paragraph 6 of the Order:

> 6.    Parking during [grave site] visitation shall occur off-site.  Parking access shall be permitted for the limited purpose of loading and cleaning-up of materials. The access to the graveyard is over a ten (10) foot easement that cannot accommodate two-way traffic.  There is no parking on the Property.

Kaiawe argues that the trial court "exceeded its authority" by entering paragraph 6.  But his counterclaim sought a declaration of the parties' respective rights and obligations under Ibbetson's deed.  The trial court was authorized to enter paragraph 6 to adjudicate Kaiawe's counterclaim.

"The relief granted by a court in equity is discretionary and will not be overturned on review unless the circuit court abused its discretion by issuing a decision that clearly exceeds the bounds of reason or disregarded rules or

6

principles of law or practice to the substantial detriment of the appellant."  <u>Porter</u>, 116 Hawaiʻi at 50, 169 P.3d at 1002.

The deed from Hawaii Conference Foundation to Ibbetson reserved

> a perpetual non-exclusive ***easement*** for the visitation, maintenance and care of existing grave sites ("Grave Site A"), located upon the real property identified in **Exhibit 1** attached hereto, and an ***easement*** for ingress and egress to Grave Site A from Mamalahoa Highway to and from the graves sites.  Grantor also hereby reserves for itself and its successors and assigns, a ***limited right of entry*** for the purpose of visiting presently unidentified grave sites ("Grave Site B") located upon the real property identified in said Exhibit 1.  The foregoing easement and right of entry shall run with the land and be in favor of Grantor and for the benefit of the relatives of the persons buried in the graves located within Grave Site A and Grave Site B, subject to the following terms and conditions:
>
> . . . .
>
> (c)   . . . any person desiring to visit Grave Site B shall notify [Ibbetson] in advance, to coordinate the date and time of the visit with [Ibbetson], to agree to the location of access to Grave Site B, and to provide verification of the visitor's relationship to the deceased.

(Emphasis added.)

Ibbetson's deed reserved only an easement for Kaiawe to access Grave Site A (on a corner of the Property) from Māmalahoa Highway, and a limited right of entry for Kaiawe to visit Grave Site B; it allowed no one to drive over or park on Ibbetson's Property.  Ibbetson testified that the easement from Māmalahoa Highway was only ten feet wide, and steep.  People visiting the grave sites walked in and out.  The only parking on the Property was Ibbetson's driveway around his house.  Kaiawe points to no evidence in the record to the contrary.  On this record, we conclude the trial court acted within its discretion by entering paragraph 6 of the Order.

**(5)**  Kaiawe argues the trial court erred by holding that Ibbetson was the prevailing party.  He challenges COL nos. 15 and 17:

15.   [Ibbetson] is the prevailing party and is the owner of the Property in fee simple.

. . . .

17.   [Kaiawe]'s request for declaratory relief is determined adversely to [Kaiawe]: the Property was not dedicated to public use under common law.

For the reasons discussed above, COL nos. 15 and 17 were not wrong.

The June 23, 2023 *Final Judgment* is affirmed.

DATED: Honolulu, Hawaiʻi, January 26, 2026.

On the briefs:

Michael J. Matsukawa,
for Defendant/
Counterclaimant/
Third-Party
Plaintiff-Appellant.

Kevin W. Herring,
Brennan M. Wong,
for Plaintiff/
Counterclaim Defendant-
Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge